IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHN BAGNATO,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )
                                                 )    CIVIL ACTION FILE NO.:
PHOEBE PUTNEY HEALTH SYSTEM, INC.,               )    1:07-CV-00030-WLS
PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.,           )
JOEL WERNICK,                                    )
LANGLEY AND LEE, LLC,                            )
CARL RICHARD LANGLEY,                            )
LARRY J. MCCORMICK AND ASSOCIATES, LLC,          )
LARRY J. MCCORMICK,                              )
WORK DYNAMICS, INC.,                             )
STEPHEN B. CHENOWETH,                            )
JOHN  DOES NO. I THROUGH V,                      )
ABC CORPORATION, and XYZ CORPORATION,            )
                                                 )
        Defendants.                              )
_____ )

## ANSWER

NOW COME Defendants PHOEBE PUTNEY HEALTH SYSTEM, INC.; PHOEBE

PUTNEY MEMORIAL HOSPITAL, INC.; JOEL WERNICK; LANGLEY & LEE, LLC; CARL

RICHARD LANGLEY; LARRY J. MCCORMICK & ASSOCIATES, LLC; LARRY J.

MCCORMICK; WORK DYNAMICS, INC.; and STEPHEN B. CHENOWETH (collectively

"Defendants") and file the following Answer to the Complaint of Plaintiff John Bagnato

("Plaintiff"), stating as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, in that it fails to state a claim upon

which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants did not act with malice.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants did not engage in any malicious or unlawful conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because probable cause existed to indict Plaintiff at all times relevant to the claims in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants were not responsible for bringing criminal charges against Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the decision to bring criminal charges against Plaintiff was solely the decision of the Specially Appointed District Attorney and the Dougherty County grand jury.

## NINTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff herein, if any, were caused by, or are the result of, actions, omissions, conditions or negligence of others, including Plaintiff, over whom Defendants have no authority, dominion or control, and not by reason of any actions, omissions, conditions, or negligence on the part of Defendants, and for whose acts, omissions, conditions, or negligence Defendants cannot be held liable.

## TENTH AFFIRMATIVE DEFENSE

Defendants state that their actions with regard to Plaintiff were in no way the legal cause of any of the alleged damages, if any, to Plaintiff, and further state that none of the third parties allegedly responsible therefore was an agent, servant, contractor, sub-contractor, or employee of Defendants and, therefore, Defendants may not be held vicariously liable for their alleged acts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, in that there are intervening and/or superseding causes for the damages, if any, incurred by Plaintiff, including but not limited to actions, omissions, conditions or negligence of others, including Plaintiff or third parties over whom Defendants have no authority, dominion or control and who were not agents, servants, contractors, sub-contractors, or employees of Defendants, and for whose actions Defendants are not liable.

## TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, in that no act or omission by Defendants proximately caused or contributed to any of the damages, if any, alleged in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, insofar as it fails to state facts and/or legal bases sufficient to constitute a claim for recovery of attorneys' fees and expenses of litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because one or more of the Defendants are protected by qualified immunity.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because it is an attempt in violation of O.C.G.A. § 9-11-11.1 to chill the rights of one or more of the Defendants to exercise their constitutional rights of freedom of speech and/or the right to petition government for a redress of grievances.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint is barred, in whole or in part, because it is not verified as required by O.C.G.A. § 9-11-11.1(b).

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify their defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Defendants respond to the specific allegations contained in the enumerated paragraphs of Plaintiff's Complaint as follows:

<u>JURISDICTION AND VENUE</u>

1.

Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Except as expressly admitted herein, Defendants deny all other allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391 and United States District Court for the Middle District of Georgia Local Rule 3.4.   Except as expressly admitted herein, Defendants deny all other allegations contained in Paragraph 2 of Plaintiff's Complaint.

<u>PARTIES</u>

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and the same are therefore denied.

4.

Defendants admit that Phoebe Putney Health System, Inc. ("PPHS") is a Georgia non profit corporation that may be served with process upon its registered agent, Joel Wernick, 417 Third Avenue, Albany, Georgia 31701.

5.

Defendants admit that Phoebe Putney Memorial Hospital, Inc. ("PPMH") is a Georgia non profit corporation that may be served with process upon its registered agent, Joel Wernick, 417 Third Avenue, Albany, Georgia, 31701.

6.

Defendants admit that Joel Wernick ("Wernick") is an employee, officer, and director of PPHS and an officer and director of PPMH.  Defendants admit the allegations contained in the second and third sentences of Paragraph 6 of Plaintiff's Complaint.  Except as expressly admitted herein, all other allegations contained in Paragraph 6 of the Complaint are denied.

7.

Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit that Carl Richard Langley ("Langley") is a member of Defendant Langley & Lee, LLC ("Langley & Lee").  Defendants admit the allegations contained in the

second and third sentences of Paragraph 8 of Plaintiff's Complaint.  Except as expressly admitted herein, all other allegations contained in Paragraph 8 of the Complaint are denied.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit that Defendant Larry J. McCormick ("McCormick") is a principal of Defendant Larry J. McCormick & Associates, LLC ("McCormick & Associates").  Defendants admit the allegations contained in the second and third sentences of Paragraph 10 of Plaintiff's Complaint.  Except as expressly admitted herein, all other allegations contained in Paragraph 10 of the Complaint are denied.

11.

Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in the first sentence of Paragraph 12 of Plaintiff's Complaint.  Defendants admit the allegations contained in the second and third sentences of Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

STATEMENT OF FACTS

19.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 18 above as though the same were fully set forth herein at length.

20.

Defendants admit that Plaintiff authored several anonymous facsimiles from September 2003 through March 2004.  Except as expressly admitted herein, all other allegations contained in Paragraph 20 of the Complaint are denied.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants admit that the documents attached to the Complaint as Exhibit A are copies of anonymous facsimiles authored by Plaintiff from September 2003 through March 2004. Except as expressly admitted herein, all other allegations contained in Paragraph 22 of the Complaint are denied.

23.

Defendants admit that in October 2003, Defendant Langley & Lee hired Defendants McCormick and McCormick & Associates to conduct an investigation regarding certain multiple anonymous facsimiles.  Except as expressly admitted herein, all other allegations contained in Paragraph 23 of the Complaint are denied.

24.

Defendants deny that all of the individuals defined by Plaintiff in Paragraph 23 of the Complaint as "Investigators" actually were employed as investigators.  Answering further, Defendants admit that Defendants McCormick and McCormick & Associates have never been licensed as private investigators in the State of Georgia.  Except as expressly admitted herein, all other allegations contained in Paragraph 24 of the Complaint are denied.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.  In further response to Paragraph 25 of the Complaint, Defendants show that the identity of the authors and/or individuals or entities sending the anonymous facsimiles was ascertained as part of the investigation by the Dougherty County District Attorney's office.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and the same are therefore denied.

- 9 -

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Upon information and belief, Defendants admit that the Dougherty County District Attorney's office received records in response to certain grand jury subpoenas issued by that office.  Except as expressly admitted herein, all other allegations contained in Paragraph 31 of the Complaint are denied.

32.

Defendants admit that certain information received in response to grand jury subpoenas issued by the Dougherty County District Attorney's office was provided to Defendants McCormick and Chenoweth.  Except as expressly admitted herein, all other allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.

Defendants admit that Defendant Langley & Lee reimbursed the Dougherty County District Attorney's office for, or paid directly to the provider, costs associated with certain information received in response to grand jury subpoenas issued by the Dougherty County District Attorney's office.  Except as expressly admitted herein, all other allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny that all of the individuals defined by Plaintiff in Paragraph 23 of the Complaint as "Investigators" actually were employed as investigators.  Answering further, Defendants admit that Defendants McCormick and Chenoweth received information from the Dougherty County District Attorney's Office and used the information to attempt to identify the senders of the multiple anonymous facsimiles.  Except as expressly admitted herein, all other allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.

Upon information and belief, Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Upon information and belief, Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and the same are therefore denied.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and the same are therefore denied.

40.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and the same are therefore denied.  Answering further, Defendants specifically deny that they or any of them sent any of the "Fraudulent E-mails" to Plaintiff or Rehberg.

41.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and the same are therefore denied.  Answering further, Defendants specifically deny that they or any of them sent any of the "Fraudulent E-mails" to Plaintiff or Rehberg.

42.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and the same are therefore denied.  Answering further, Defendants specifically deny that they or any of them sent any of the "Fraudulent E-mails" to Plaintiff or Rehberg.

43.

Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint. Answering further, Defendants state that they never accessed any information on computers of Plaintiff, Albany Surgical, P.C., or Rehberg and therefore never needed permission to do so.

44.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and the same are therefore denied.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants admit that Defendants McCormick and Chenoweth received from the Dougherty County District Attorney's office call detail for the telephone number (229) 343-8116 for the period March 21-22, 2004.  Except as expressly admitted herein, all other allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48.

Defendants admit that Defendants McCormick, Chenoweth, and Langley provided a document to Rehberg and/or his counsel that purported to offer him civil and criminal immunity. Except as expressly admitted herein, all other allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49.

Defendants admit that on or about August 18, 2004, Defendant PPHS filed a complaint against "Charles Rehberg, and other co-conspirators who will be added by amendment." Answering further, Defendants respond that the complaint is a document that speaks for itself. Except as expressly admitted herein, all other allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

50.

Defendants admit the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants admit that PPHS voluntarily dismissed its complaint against Charles Rehberg on or about October 11, 2004.   Except as expressly admitted herein, all other allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.  Answering further, Defendants state that Plaintiff was indicted on December 14, 2005, for six counts of harassing phone calls, one count of aggravated assault and one count of burglary (the "First Indictment").  Defendants specifically deny being involved in any way in obtaining or instigating the First Indictment and further state that the decision to indict Plaintiff was the sole decision of the Specially Appointed District Attorney, Kelly Burke, and the Dougherty County grand jury.

53.

Defendants admit the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.  Answering further, Defendants state that Plaintiff was indicted on February 16, 2006, for five counts of harassing phone calls and one count of simple assault (the "Second Indictment").  Defendants specifically deny being involved in any way with obtaining or instigating the Second Indictment and further state that the decision to indict Plaintiff was the sole decision of the Specially Appointed District Attorney, Kelly Burke, and the Dougherty County grand jury.

55.

Defendants admit the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint. Answering further, Defendants state that Plaintiff was indicted on March 1, 2006, for five counts of harassing telephone calls and one count of simple assault (the "Third Indictment"). Defendants specifically deny being involved in any way with obtaining or instigating the Second Indictment and further state that the decision to indict Plaintiff was the sole decision of the Specially Appointed District Attorney, Kelly Burke, and the Dougherty County grand jury.

57.

Defendants admit that the charges in the Third Indictment were dismissed by Judge Henry J. Altman in a written order dated May 3, 2006.  Answering further, Defendants state that the order is a document that speaks for itself.  Except as expressly admitted herein, all other allegations contained in Paragraph 57 of Plaintiff's Complaint are denied.

## COUNT I

58.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 57 above as though the same were fully set forth herein at length.

59.

In response to Paragraph 59, Defendants incorporate by reference hereto their response to Paragraph 20 of Plaintiff's Complaint.  Except as expressly admitted herein, all other allegations contained in Paragraph 59 of Plaintiff's Complaint are denied.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## **COUNT II**

67.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 66 above as though the same were fully set forth herein at length.

68.

Paragraph 68 of Plaintiff's Complaint calls for a legal conclusion and no response is required by Defendants.  To the extent a response is required, Defendants state that the statute speaks for itself.  Answering further, Defendants specifically deny that they have any liability under 18 U.S.C. § 2571.  Except as expressly admitted herein, all other allegations contained in Paragraph 68 of Plaintiff's Complaint are denied.

69.

Paragraph 69 of Plaintiff's Complaint calls for a legal conclusion and no response is required by Defendants.  To the extent a response is required, Defendants state that the statute speaks for itself.  Answering further, Defendants specifically deny that they have any liability under 18 U.S.C. § 2571.  Except as expressly admitted herein, all other allegations contained in Paragraph 69 of Plaintiff's Complaint are denied.

70.

Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

## COUNT III

74.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 73 above as though the same were fully set forth herein at length.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

In response to Paragraph 76 of Plaintiff's Complaint, Defendants admit that the First, Second and Third Indictments against Plaintiff were dismissed.  Except as expressly admitted herein, all other allegations contained in Paragraph 76 of Plaintiff's Complaint are denied.

77.

Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## COUNT IV

78.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 77 above as though the same were fully set forth herein at length.

79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

## COUNT V

83.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 82 above as though the same were fully set forth herein at length.

84.

Paragraph 84 of Plaintiff's Complaint contains no allegations and therefore no response is required from Defendants.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

## COUNT VI

90.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 89 above as though the same were fully set forth herein at length.

91.

Paragraph 91 of Plaintiff's Complaint calls for a legal conclusion and no response is required by Defendants.  To the extent a response is required, Defendants state that the statute speaks for itself.  Answering further, Defendants specifically deny that they have any liability

under the Georgia RICO Act, O.C.G.A. § 16-14-1 *et seq*.  Except as expressly admitted herein, all other allegations contained in Paragraph 91 of Plaintiff's Complaint are denied.

92.

Paragraph 92 of Plaintiff's Complaint calls for a legal conclusion and no response is required by Defendants.  To the extent a response is required, Defendants state that the statute speaks for itself.  Answering further, Defendants specifically deny that they have any liability under the Georgia RICO Act, O.C.G.A. § 16-14-1 *et seq*.  Except as expressly admitted herein, all other allegations contained in Paragraph 92 of Plaintiff's Complaint are denied.

93.

Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendants state that Paragraph 97 calls for a legal conclusion and no response is required by Defendants.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.

Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.

Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

## COUNT VII

109.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 108 above as though the same were fully set forth herein at length.

110.

Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.

Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

## COUNT VIII

113.

Defendants incorporate by reference all affirmative defenses and paragraphs 1 – 112 above as though the same were fully set forth herein at length.

114.

Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

Defendants deny that Plaintiff is entitled to the relief requested in Plaintiff's unenumerated prayers for relief following Paragraph 114 of the Complaint or to any other relief.


## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief prayed for in his Complaint or any relief whatsoever, and if any allegations of Plaintiff's Complaint have not been specifically denied or admitted in the course of this response, they are hereby denied.

WHEREFORE, Defendants having fully answered Plaintiff's Complaint, denying that Plaintiff is entitled to any recovery or relief whatsoever, pray that they be discharged from this action with all costs taxed to Plaintiff and with the entry of an order requiring Plaintiff to pay Defendants' reasonable attorneys' fees and expenses incurred in defending this action.

This 14th day of March, 2007.

s/ L. Lin Wood
L. Lin Wood
Georgia Bar No. 774588
Nicole Jennings Wade
Georgia Bar No. 390922
Margaret M. Kane
Georgia Bar No. 330531

**POWELL GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Flour
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 572-6600
Fax: (404) 572-6999
Email: llwood@pogolaw.com

::ODMA\PCDOCS\ATL\1132403\1

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHN BAGNATO,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )   CIVIL ACTION FILE NO.:
PHOEBE PUTNEY HEALTH SYSTEM, INC. )      1:07-CV-00030-WLS
et al.,                              )
        Defendants.                  )
                                     )

CERTIFICATE OF SERVICE

        I hereby certify that on the 14th day of March, 2007, the foregoing pleading was filed

electronically using CM/ECF system automatically serving the following attorneys of record via

email:

| | |
|---|---|
| Timothy J. Buckley, III<br>Finley & Buckley, PC<br>2931 North Druid Hills Road<br>Suite C<br>Atlanta, GA  30329 | Henry E. Williams<br>Ralph W. Powell, Jr.<br>Alex J. Kaplan<br>McCall Phillips Williams & Powell LLC<br>Post Office Box 71747<br>Albany, GA  31708 |

                                s/Nicole Jennings Wade
                                Nicole Jennings Wade
                                Ga. Bar No. 390922
                                Attorney for Defendants
                                POWELL GOLDSTEIN LLP
                                One Atlantic Center, Fourteenth Floor
                                1201 West Peachtree Street, N.W.
                                Atlanta, Georgia 30309
                                Tel: (404) 572-6600
                                Fax: (404) 572-6999
                                Email: nwade@pogolaw.com