LAW OFFICES
# BRIMBERRY, KAPLAN & BRIMBERRY, P.C.
POST OFFICE BOX 1085
ALBANY, GEORGIA 31702-1085

...MBERRY
...KAPLAN
...MBERRY
..JAY" BRIMBERRY, JR.
.. CARSWELL
. Z. ELLIS

408 N. JACKSON STREET
TELEPHONE 436-0537
TELECOPIER 436-5024
AREA CODE 229

March 25, 2008

**VIA ELECTRONIC TRANSMISSION AND
U.S. MAIL**

Lin Wood, Esquire
Powell Goldstein LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street
Atlanta, Georgia 30309-3488

      RE:    John Bagnato, M.D. v. Phoebe Putney Health System, Inc., et. al.;
             Case No. 1:07-CV-00030-WLS; United States District Court

Dear Mr. Wood:

      On March 11, 2008, Defendants in the above-styled matter served David Prisant with a subpoena for deposition and for the inspection of a wide variety of documents. This discovery is virtually identical to that sent to third party John Crew and our objections to same are virtually identical to his. The objections contained within this letter are made pursuant to FRCP 45(c)(2)(B). I will identify certain objections to the subpoena and then address each request specifically. I also have concerns over the scope of the testimony at the deposition and request that we agree to limit to issues directly related to the issues raised in the pleadings. If we are unable to do so, I will seek the Court's protection.

      Please also bear in mind that my client is referenced in merely two paragraphs in Plaintiff's Amended Complaint and that the event related therein occurred well after most all other events described in the complaint.

**General Objections**

      Mr. Prisant objects to each and every request to the extent that they are vague, overbroad, do not reference any timeframe or context of the communication. Certain materials within the scope of the requests also will require an incredible burden of time and expense on my client's part to retrieve and review.

      The overarching objection that Mr. Prisant has regarding these subpoena requests is that all of the requests are incredibly overbroad and lack any parameters related to time, scope of documents or the basis for the communication. Moreover, it seeks materials not relevant to the

case, will cause Mr. Prisant an undue and unreasonable burden and is harrassing.

The lawsuit at issue arises out of the Phoebe Factoids which were sent, according to paragraph 20 of the Complaint, between September 2003 and March 2004. However, the subpoena asks not just for materials relating to the Factoids but any document from the beginning of time until the present that includes the name of any of the Defendants and numerous other individuals. That is simply too broad. United Technologies Corp. V. Mazer, 2007 WL 788877 (S.D. Fla.) (The Court denied a motion to compel seeking all communications between two entities. "It is difficult to conceive of a more overbroad discovery request. The request is not even limited to a particular time.")

As Defendants are aware, Mr. Prisant has been in the Albany area all his life. For most of the past Twenty (20) years he has worked in the insurance field with various companies. Health insurance is a significant part of his product offering.

In light of the foregoing facts, it is unreasonable for him to be required to look for any documents he may have in his possession referencing the Defendants and all of the other entities referenced in the subpoena. Indeed, the Defendants include the largest provider of health care services in the Albany area and documents discussing health care may reference one of the Phoebe entities. In fact, it may be something as innocuous as the location of Phoebe Putney Hospital or the fact that it is the largest hospital in the area. Mr. Prisant is not a party to this case and has only been referenced in two paragraphs of Plaintiff's Complaint. As you know, when weighing the burdens imposed by the discovery request, the Court may properly consider Mr. Prisant's status as a non-party. Katz v. Batavia Marine & Sporting Supplies 984 F.2d 422, 424 (N.D. Ohio, 1993); Allen v. Howemedica Leibinger, 190 F.R.D. 518 (W.D. Tenn. 1999).

In addition, because of his work as an insurance agent, the scope of the subpoena may involve the production of materials which are confidential, including but not limited to, HIPPA documents protected by Rule 45(c)(3)(B). Mr. Prisant sells health insurance and materials referencing PPHS and PPMH may contain protected information belonging to his insurance clients.

Further, to the best of our information and belief, most if not all of the relevant materials requested are already in Defendants' possession. Due to the nature of certain of these materials, Mr. Prisant will be put to significant financial expense in locating and retrieving materials already available to Defendants.

Finally, Mr. Prisant objects to the production of any items that fall within the scope of the attorney client privilege. Without conducting an expensive and time consuming search for any materials that may reference any of the Defendants, he is uncertain as to whether any privileged communications reference them. However, if they do, they would be protected by the attorney client privilege. Those documents include any communication with counsel for Mr. Prisant.

**Specific Objections**

1.   *Any and all documents evidencing, reflecting, referring, or relating to any*

*conversation, communication, or correspondence between you and John Bagnato that relates in any way to PPHS, PPMH, any of the Defendants, or the Phoebe Factoids.*

2.  *Any and all documents you received from or provided to John Bagnato that relate in any way to PPHS, PPMH, any of the Defendants, or the Phoebe Factoids.*

3.  *Any and all documents evidencing, reflecting, referring, or relating to any conversation, communication, or correspondence between you and Charles Rehberg that relates in any way to PPHS, PPMH, any of the Defendants, or the Phoebe Factoids.*

4.  *Any and all documents that you received from or provided to Charles Rehberg that relate in any way to PPHS, PPMH, any of the Defendants, or the Phoebe Factoids.*

The general objections are incorporated herein by reference. Moreover, these requests are overly broad and are not sufficiently tailored to lead to the production of relevant material. Mr. Prisant would have to undertake a timely and costly inventory of arguably any document he possesses to ascertain if any of the expansive number of individuals associated with PPHS or PPMH or of the Defendants contained in the request is mentioned in any documents. Given Mr. Prisant's work as an insurance agent, it is also possible that some of these documents, even if they were located, could contain confidential HIPPA information.

Subject to the foregoing objection, Mr. Prisant will produce the documents that he has that pertain to the Phoebe Factoids.

5.  *Any and all documents evidencing, referring or relating to the idea or plan to create and/or disseminate the Phoebe Factoids and/or the creation, drafting and/or dissemination to any person or entity of the Phoebe Factoids, including all documents identifying every person and/or entity involved in their formulation, preparation and/or transmission.*

The general objections are incorporated herein by reference. Mr. Prisant has no documents that fall within the scope of this request but will produce the documents that he has that pertain to Phoebe Factoids. Further, Mr. Prisant had no involvement nor has it been alleged that he had any involvement in the creating or drafting of the Phoebe Factoids.

6.  *Any and all documents evidencing, referencing or relating to any type of criticism of, planned attacks upon, or efforts to discredit in any way PPHS or PPMH and/or any of their Board members or management.*

The general objections are incorporated herein by reference. This request is overly broad and is not sufficiently tailored to lead to the production of relevant material. Mr. Prisant would have to undertake a timely and costly inventory of arguably any document that he possesses to ascertain if PPHS, PPMH or the Defendants or any of the expansive number of individuals associated with PPHS, PPMH or the Defendants is mentioned in any documents. Given Mr. Prisant's work as an insurance agent, it is also possible that some of these documents, even if they were located, could contain confidential HIPPA information. Furthermore, Defendants fail to name the members of the respective boards or management of these organizations, which in

the case of certain named parties, include hundreds of person.

7.  *Any and all documents that reference PPHS, PPMH, any of their Board members or management, or any of the Defendants.*

    The general objections are incorporated herein by reference. This request is overly broad and is not sufficiently tailored to lead to the production of relevant material. Mr. Prisant would have to undertake a timely and costly inventory of arguably any document he possesses to ascertain if PPHS, PPMH or the Defendants or any of the expansive number of individuals associated with PPHS, PPMH or the Defendants is mentioned in any documents. Given Mr. Prisant's work as an insurance agent in Albany, it is also possible that some of these documents, even if they were located, could contain confidential HIPPA information. Furthermore, Defendants fail to name the members of the respective boards or management of these organizations. Furthermore, Defendants fail to name the members of the respective boards or management of these organizations, which in the case of certain named parties, include hundreds of person. Notwithstanding the above, Mr. Prisant will produce such materials as are presently in his possession if he has them.

8.  *Any and all documents evidencing, referencing or relating to any communications or contacts by you or any third party with any governmental office or agency relating to PPHS, PPMH, any of their Board members or management, or any of the Defendants.*

    The general objections are incorporated herein by reference. This request is overly broad and is not sufficiently tailored to lead to the production of relevant material. Mr. Prisant would have to undertake a timely and costly inventory of arguably any document he possesses to ascertain if PPHS, PPMH, or the Defendants or any of the expansive number of individuals associated with PPHS, PPMH or the Defendants is mentioned in any documents. Given Mr. Prisant's work as an insurance agent in Albany, it is also possible that some of these documents, even if they were located, could contain confidential HIPPA information. Furthermore, Defendants fail to name the members of the respective boards or management of these organizations. Furthermore, Defendants fail to name the members of the respective boards or management of these organizations, which in the case of certain named parties, include hundreds of person. Notwithstanding the above, Mr. Prisant will produce such materials as are presently in his possession if he has them.

9.  *Any and all documents evidencing, referencing or relating to the alleged incident of October 6, 2007 with Carl Richard Langley, as alleged in Paragraphs 60 and 61 of Plaintiff's proposed Amended Complaint, which was filed on January 9, 2008. Relevant excerpts of Plaintiff's proposed Amended Complaint are attached hereto as Exhibit 1.*

    The general objections are incorporated herein by reference. To the extent such documents exist, Mr. Prisant will seasonably produce same.

10. *Any and all documents created, authored, transmitted or received by any of the following persons or entities that reference, by name or otherwise, any of the Defendants or the Pheobe Factoidds: Richard Scruggs, Zack Scruggs, Sid Backstrom, any attorney or individual employed by The Scruggs Law Firm, anyone employed by the Barrett Law Office, Bobby Lee Cook, anyone*

employed by The Kindling Group, anyone employed by Kekst & Company, Robert Siegfried, Lin Wu, Andrea Calise, Orson Swindle, Stan Jones, Dr. Charles Gebhardt, Peter Halmos, Ronald Aranoff, Harris Morgan, Charles Rehberg, Dr. John Bagnato, James Bowman, Dr. Joe Stubbs, Converse Bright, Ralph Scoccimora, Patrick Milsaps, anyone employed by Taylor & Ives, anyone acting as an agent of Proctor & Gamble, Dean Zerbe, Trent Lott, John Neel, Austin Scott, David Meredith, James Spier, Ralph Powell, Earl McCall, Rita Ellis, Beth McKenzie, anyone acting as an agent of Open Arms, Dr. Christopher Smith, Dr. Price Corr, Dr. Cullen Richardson, Richard Gray, Allen Golson, John Crew, anyone employed by Albany Surgical, Dr. James Hotz, any representative(s) of broadcast or print media, any federal, state or local official(s).

      The general objections are incorporated herein by reference. This request is overly broad and is not sufficiently tailored to lead to the production of relevant material. Mr. Prisant would have to undertake a timely and costly inventory of arguably any document he possesses to ascertain if any of the expansive number of individuals named in this request is somehow connected to a document that also references one of the Defendants. Given Mr. Prisant's work as an insurance agent in Albany, it is also possible that some of these documents, even if they were located, could contain confidential HIPPA information.

      Subject to these objections, all documents in any way relating to the Phoebe Factoids will be produced. Moreover, to the best of his knowledge (and without conducting an exhaustive and extensive search of all of his records, some of which will require costly retrieval work), Mr. Prisant does not have any documents that reference Richard Scruggs, Zack Scruggs, Sid Backstrom, any attorney or individual employed by The Scruggs Law Firm, anyone employed by the Barrett Law Office, Bobby Lee Cook, anyone employed by The Kindling Group, anyone employed by Kekst & Company, Robert Siefgried, Lin Wu, Andrea Calise, Orson Swindle, Stan Jones, Peter Halmos, Ronald Aranoff, James Bowman, Converse Bright, anyone employed by Taylor & Ives, Dean Zerbe, Trent Lott, David Meredith, James Spier, Beth McKenzie, and anyone acting as an agent of Open Arms.

      If you would like to discuss this matter with me, please call. It may be possible to reduce the scope of the requests to certain specific items you believe my client has in his possession. Also, we will need to discuss the scope of the deposition, as well as reimbursement of Mr. Prisant's costs of retrieving certain of these documents. If we are unable to agree to limit it to matters that are not objectionable, I will seek the Court's intervention by filing a Motion for Protective Order.

Very truly yours,

William J. Carswell

cc:   Mr. David Prisant
       Paige Stanley, Esq.
       Ralph W. Powell, Jr., Esq.
       Timothy J. Buckely, III, Esq.
       Alfred N. Corriere, Esq.
       Karin A. Middleton, Esq.
       Bryan A. Vroon, Esq.