## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **JOHN BAGNATO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **PHOEBE PUTNEY HEALTH** | ) | **NO: 1:07-CV-00030-WLS** |
| **SYSTEM, INC., PHOEBE PUTNEY** | ) | |
| **MEMORIAL HOSPITAL, INC.,** | ) | |
| **JOEL WERNICK,** | ) | |
| **LANGLEY AND LEE, LLC,** | ) | |
| **CARL RICHARD LANGLEY,** | ) | |
| **LARRY J. MCCORMICK AND** | ) | |
| **ASSOCIATES, LLC, LARRY J.** | ) | |
| **MCCORMICK, WORK DYNAMICS,** | ) | |
| **INC., STEPHEN B. CHENOWETH,** | ) | |
| **JOHN DOES NO. I THOUGH V,** | ) | |
| **ABC CORPORATION, and** | ) | |
| **XYZ CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW JOHN BAGNATO (hereinafter "Plaintiff") in the above-styled action, by and through undersigned counsel, and files this Amended Complaint for Damages, showing the following:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because the matters in controversy arise under the Constitution and laws of the United States.  This Court has pendant and/or ancillary jurisdiction to hear the state claims of Plaintiff pursuant to 28 U.S.C. § 1367.

2.

Venue in this district and division is proper under 28 U.S.C. § 1391 and United States District Court for the Middle District of Georgia Local Rule 3.4 as some or all of the Defendants are located in the Middle District of Georgia, Albany Division, and the claims arose within this district and division.

## PARTIES

3.

Plaintiff John Bagnato is a citizen of the State of Georgia and resides in Lee County.

4.

Defendant Phoebe Putney Health System, Inc. (hereinafter "PPHS") is a Georgia corporation, which may be served with process upon its registered agent, Joel Wernick, 417 Third Avenue, Albany, Georgia 31701.

5.

Defendant Phoebe Putney Memorial Hospital, Inc. (hereinafter "PPMH") is a Georgia corporation, which may be served with process upon its registered agent, Joel Wernick, 417 Third Avenue, Albany, Georgia 31701.

6.

At all times relevant hereto, Defendant Joel Wernick (hereinafter "Wernick") acted individually and/or within the course and/or employment with Defendant PPHS and Defendant PPMH.  Upon information and belief, Defendant Wernick is a citizen of Georgia and a resident of Dougherty County.  Defendant Wernick may be personally served with process at his place of business, 417 Third Avenue, Albany, Georgia 31701.

7.

Defendant Langley & Lee, LLC (hereinafter "Langley & Lee") is a Georgia limited liability company, which may be served with process upon its registered agent, C. Richard Langley, 1604 W. Third Avenue, Albany, Georgia 31707.

8.

At all times relevant herein, Defendant Carl Richard Langley (hereinafter "Langley") acted individually and/or within the course of employment with or membership in Defendant Langley & Lee.  Upon information and belief,

Defendant Langley is citizen of Georgia and resident of Dougherty County. Defendant Langley may be personally served at his place of business, 1604 W. Third Avenue, Albany, Georgia 31707.

9.

Defendant Larry J. McCormick and Associates, LLC (hereinafter "McCormick & Associates") is an Arizona limited liability company, which may be served through its statutory agent, James R. Hart II, 1839 S Alma School Road, #354, Mesa, Arizona, 85210.

10.

At all times relevant hereto, Defendant Larry J. McCormick (hereinafter "McCormick") acted individually and/or within the course of employment with or membership in Defendant McCormick & Associates.   Upon information and belief, Defendant McCormick is a citizen of Arizona and a resident of Maricopa County.   Defendant McCormick may be personally served at his residence, 9628 West Redbird Road, Peoria, Arizona 85383.

11.

Defendant Work Dynamics, Inc. (hereinafter "Work Dynamics") is a foreign corporation organized and existing under the laws of the State of Missouri and may

be served with process upon its registered agent, James M. Ramsey, 9233 Ward Parkway, Suite 125, Kansas City, Missouri 64114.

12.

At all times relevant hereto, Defendant Stephen B. Chenoweth (hereinafter "Chenoweth") acted individually and/or within the course of employment with Defendant Work Dynamics.   Upon information and belief, Defendant Chenoweth is a citizen of Arizona and is a resident of Maricopa County.   Defendant Chenoweth may be personally served at his residence, 8915 West Morrow Drive, Peoria, Arizona 85382.

13.

Defendants John Doe I through V are individuals who acted as agents or on behalf of one or more of the named Defendants herein and/or other individuals whose correct identities are unknown and who are subject to the jurisdiction and venue of this Court as joint tortfeasors as provided by law.

14.

At all times relevant herein, Defendants John Doe I through V were employees, representatives, and/or agents of named Defendants and/or were individuals who participated with the named Defendants in depriving Plaintiff of

his constitutional rights and other rights and/or engaged in conduct violative of Plaintiff's constitutional and other rights.

15.

Defendant ABC Corporation is a corporation, partnership, limited liability company or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

16.

Defendant ABC Corporation is a corporation, partnership, limited liability company or other entity whose correct identity is unknown and which participated with the named Defendants in depriving Plaintiff of his constitutional rights and other rights and/or engaged in conduct violative of Plaintiff's constitutional and other rights.

17.

Defendant XYZ Corporation is a corporation, partnership, limited liability company or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

18.

Defendant XYZ Corporation is a corporation, partnership, limited liability company or other entity whose correct identity is unknown and which participated

with the named Defendants in depriving Plaintiff of his constitutional rights and other rights and/or engaged in conduct violative of Plaintiff's constitutional and other rights.

## STATEMENT OF FACTS

19.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through eighteen (18) above as if fully set forth herein.

20.

Plaintiff authored several anonymous facsimiles concerning matters of public interest and concern from September, 2003 through March, 2004 (hereinafter "Phoebe Factoids").

21.

The Phoebe Factoids provided the community of Albany, Dougherty County, Georgia, with information on, among other things, irresponsible and improper conduct by those controlling and directing Defendants PPHS and PPMH – a hospital entrusted with public funds.

22.

The Phoebe Factoids included the documents attached hereto as Exhibit "A" and are incorporated by reference herein.

23.

In an effort to determine the identity of the authors of the Phoebe Factoids, on or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley employed private investigators, Defendants McCormick, Chenoweth, Work Dynamics and McCormick & Associates (hereinafter referred to collectively as the "Investigators").

24.

At all times relevant to this Complaint, the aforementioned Investigators were not licensed to engage in private investigation within the State of Georgia.

25.

Defendants, on their own, failed to identify the author of and/or the individual or entity sending the Phoebe Factoids.

26.

In an effort to obtain material and information they had failed to obtain through their own efforts, the Defendants fraudulently and through misrepresentation procured the assistance of the Dougherty County District Attorney and told District Attorney Kenneth Hodges (hereinafter "Hodges") and/or his agents that United States Congressman Sanford Bishop, among others, was a

"victim" of harassing telephone calls, referring to Congressman Bishop's receipt of the Phoebe Factoids.

27.

Congressman Bishop never considered the facsimiles harassing and never sought to report the receipt of the Phoebe Factoids to the Dougherty County District Attorney.

28.

Defendants solicited Hodges and/or his agents to investigate the Phoebe Factoids as a favor to Defendants.

29.

In order to procure Hodges' and the Dougherty County District Attorney's Office's cooperation, Defendant PPHS, PPMH, and Wernick offered property belonging to Defendant PPMH to the Child Abuse Felony Prosecution Unit of the Dougherty County District Attorney's Office.

30.

At the request of Defendants, based in whole or in part upon the false and fraudulent information provided to the Dougherty County District Attorney's Office by Defendants, Hodges and/or his agents, over an approximate six month period, sent grand jury subpoenas to BellSouth, America OnLine, Sprint, Alltel,

Exact Advertising and possibly other individuals and/or entities (hereinafter "Grand Jury Subpoenas").

31.

The Dougherty County District Attorney's Office received records responsive to the Grand Jury Subpoenas.

32.

The Dougherty County District Attorney's Office provided the information it received in response to the Grand Jury Subpoenas to Defendants or some of them.

33.

One or more of the Defendants financed the costs associated with the Dougherty County District Attorney's Office investigation, including but not limited to the information and/or materials received in response to the Grand Jury Subpoenas.

34.

Defendants exerted their influence over the Dougherty County District Attorney's Office and Hodges to obtain the information and/or materials received in response to the Grand Jury Subpoenas.

35.

Defendants Langley, Langley & Lee, and the Investigators at the direction of Defendants PPHS, PPMH, and Wernick and with the authorization of the Dougherty County District Attorney's Office, used the information and/or materials received in response to the Grand Jury Subpoenas to investigate Plaintiff and other citizens, including, but not limited to, Charles Rehberg (hereinafter "Rehberg").

36.

At all relevant times, Rehberg worked for Plaintiff's surgical practice, Albany Surgical, P.C. (hereinafter "Albany Surgical").

37.

Plaintiff is a member of and/or partner in Albany Surgical.

38.

At Albany Surgical Rehberg was assigned a computer that was connected to Albany Surgical's computer network (hereinafter "Albany Surgical Computer").

39.

The Albany Surgical Computer was owned by Albany Surgical, P.C.

40.

Shortly after Defendants PPMH and PPHS obtained the services of the Investigators, Plaintiff and Rehberg, through the Albany Surgical Computer, received the following e-mail communications containing a suspicious attachment that is consistent with software which would allow a person to gain access to information from the e-mail recipient's computer from August 3, 2004 until September 9, 2004:

(a)    E-mail   purporting   to   be   sent   by   gsb@cliffordlaw.com   to rehbergc@aol.com on August 17, 2004 at 4:05:55 p.m. Eastern Standard Time;

(b)    E-mail   purporting   to   be   sent   by   noreply@aol.com   to rehbergc@aol.com on August 3, 2004 at 5:09:06 p.m. Eastern Standard Time;

(c)    E-mail purporting to be sent by MAILER-DAEMON@aol.com to rehbergc@aol.com on August 3, 2004 at 8:16:55 p.m. Eastern Standard Time;

(d)    E-mail   purporting   to   be   sent   by   sab@www.jamsadr.com   to rehbergc@aol.com on August 5, 2004 at 11:53:08 p.m. Eastern Standard Time;

(e)     E-mail   purporting   to   be   sent   by   noreply@aol.com   to rehbergc@aol.com on August 9, 2004 at 1:21:28 p.m. Eastern Standard Time;

(f)     E-mail purporting to be sent by MAILER-DAEMON@aol.com to rehbergc@aol.com on August 17, 2004 at 1:06:29 p.m. Eastern Standard Time;

(g)     E-mail purporting to be sent by MAILER-DAEMON@aol.com to rehbergc@aol.com on August 19, 2004 at 1:34:50 p.m. Eastern Standard Time;

(h)     E-mail purporting to be sent by susanacahill@comcast.net to rehbergc@aol.com on August 24, 2004 at 4:35:53 p.m. Eastern Standard Time;

(i)     E-mail   purporting   to   be   sent   by   noreply@aol.com   to rehbergc@aol.com on August 25, 2004 at 2:15:08 p.m. Eastern Standard Time;

(j)     E-mail   purporting   to   be   sent   by   noreply@aol.com   to rehbergc@aol.com on August 26, 2004 at 2:07:06 p.m. Eastern Standard Time;

(k)   E-mail purporting to be sent by sab@my.webmd.com to rehbergc@aol.com on August 30, 2004 at 4:34:13 p.m. Eastern Standard Time;

(l)   E-mail purporting to be sent by sab@www.easyeverydaycooking.com.au to rehbergc@aol.com on August 31, 2004 at 3:51:01 p.m. Eastern Standard Time;

(m)   E-mail purporting to be sent by no fgi@zimmreed.com to rehbergc@aol.com on September 2, 2004 at 11:59:43 a.m. Eastern Standard Time;

(n)   E-mail purporting to be sent by doctor@lawdoctor.com to rehbergc@aol.com on September 8, 2004 at 7:39:35 p.m. Eastern Standard Time; and

(o)   E-mail purporting to be sent by MAILER-DAEMON@aol.com to rehbergc@aol.com on September 9, 2004 at 1:45:28 p.m. Eastern Standard Time.

The above identified e-mail communications shall hereinafter be referred to as "Fraudulent E-Mails."

41.

Plaintiff was able to determine that each of the Fraudulent E-Mails was sent by 186.muaa.phnz.sndgcau2.dsl.att.net from the IP address 12.99.216.186 in Phoenix, Arizona.

42.

On or about September 9, 2004, legal counsel, representing Rehberg told Defendant Langley to have Defendants' Investigators cease sending the Fraudulent E-mails.  Subsequent to that conversation, neither Plaintiff nor Rehberg received any further Fraudulent E-mails from the aforementioned Phoenix, Arizona IP address.

43.

Neither Plaintiff, Albany Surgical, P.C. nor Rehberg, gave Defendants permission or authority to access any information on computers they owned and/or possessed.

44.

On or about November 3, 2003, Plaintiff received an e-mail message transmitted or transferred from the e-mail address of johnsdowe@yahoo.com stating: "I got some good stuff on the power brokers at phoebe.  From W and his

white loving self to other keys in the org as well as some good financial stuff. phoebe employee" (hereinafter "November 3, 2003 E-Mail").

45.

Some or all Defendants obtained the contents of the November 3, 2003 E-Mail, disclosed the November 3, 2003 E-mail to others, and used the November 3, 2003 E-mail to determine Plaintiff's identity and/or the identity of other persons who communicated with Plaintiff using e-mail messages.

46.

Some or all Defendants, using the same means used to obtain the November 3, 2003 E-Mail, obtained the contents of other e-mail communications between Plaintiff and/or his associates and other persons, disclosed the contents of those e-mail communications to others, and used the contents thereof to determine Plaintiff's identify and/or the identity of other persons who communicated with Plaintiff using e-mail messages.

47.

Following their receipt of the information and materials obtained by the Dougherty County District Attorneys Office, in response to the Grand Jury subpoenas, Defendants disclosed the records provided by the Dougherty County District Attorney's Office to others and/or used said records to identify electronic

communications transmitted and/or received from March 21 to March 22, 2004, by Plaintiff's telephone number "(229) 343-8116."

48.

In furtherance of Defendants continued efforts to identify the author(s) of the Phoebe Factoids and its effort to thwart the dissemination to the public of irresponsible and improper conduct of the Defendants, Defendants offered Rehberg civil immunity and criminal immunity for information against Plaintiff.

49.

Defendant PPHS filed a lawsuit against Rehberg and other alleged co-conspirators for authoring and disseminating the information contained in the Phoebe Factoids.

50.

In response, Rehberg filed a Motion to Dismiss the complaint pursuant to the Strategic Litigation Against Public Participation statute.

51.

In the face of the Motion to Dismiss, Defendant PPHS dismissed the complaint against Rehberg.

52.

Defendants retaliated against Plaintiff and others and sought to punish them by further manipulation of the criminal justice system and, utilizing false and fraudulent information, sought and obtained an indictment against Plaintiff for six counts of harassing phone calls, one count of Aggravated Assault and one count of Burglary on or about December 14, 2005 (hereinafter "First Indictment").

53.

The First Indictment was dismissed on February 16, 2006.

54.

Defendants continued their manipulation of the system and their retaliation against Plaintiff and obtained a second indictment against Plaintiff for five counts of harassing phone calls and one count of Simple Assault on or about February 16, 2006 (hereinafter "Second Indictment").

55.

The Second Indictment was also dismissed.

56.

On March 1, 2006, Defendants, once again, continued their manipulation of the system and their retaliation against Plaintiff and obtained a third indictment

against Plaintiff for five counts of harassing telephone call and one count of simple assault (hereinafter "Third Indictment").

57.

On May 1, 2006, the Honorable Harry J. Altman dismissed the charges of harassing telephone calls holding "the conduct set forth in the indictment is not a violation of the statute, as alleged."  The claim of simple assault was also dismissed for failure to give the Plaintiff sufficient notice of the charge.

58.

During Plaintiff's continuing investigation into the facts involved in the present litigation, Plaintiff received copies of e-mail communications discussing potential wrongdoing by some or all of the Defendants and/or discussions of other inflammatory subjects between or among the Defendants from David Prisant. (hereinafter "Prisant E-Mails").

59.

During the course of the present litigation before October 6, 2007, Plaintiff produced copies of some or all of the Prisant E-Mails to Defendants in response to requests for production of documents from Defendants including without limitation the copies of e-mail communications attached hereto as Exhibit "B."

60.

On October 6, 2007, Defendant Langley entered a restaurant where David Prisant was eating supper with his wife and, while Defendant Langley and Mr. Prisant were talking alone, Defendant Langley stated to Mr. Prisant "you two-faced mother [expletive]" referring to Mr. Prisant's production of "the e-mails [Defendant Langley] got from discovery" in the course of the instant litigation.

61.

Mr. Prisant's encounter with Defendant Langley on October 6, 2007 caused Mr. Prisant to feel extremely uncomfortable and intimidated.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## RETALIATION FOR SPEECH ON MATTERS OF PUBLIC CONCERN

62.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through sixty-one (61) above as if fully set forth herein.

63.

Plaintiff authored and disseminated matters of public interest and concern, the Phoebe Factoids. Such activity is protected by the First Amendment of the U.S. Constitution.

64.

The process of investigating alleged criminal activity reported to the Dougherty County District Attorney's Office is traditionally the exclusive prerogative of the Dougherty County District Attorney's Office or other law enforcement agencies, divisions of the State of Georgia.

65.

The Defendants usurped a public function by undertaking the investigation of Plaintiff and commandeering the Office of the Dougherty County District Attorney.

66.

At all times relevant hereto and in the commission of the wrongful acts as delineated above, the Defendants acted under color of state law.

67.

The actions of Defendants in knowingly initiating and/or performing the entire investigation against Plaintiff – based upon false and fraudulent information, which led to the First, Second, and Third Indictments constitutes unlawful retaliation against Plaintiff for speaking out about and disseminating Defendants PPHS, PPMH, and Wernick's public and/or non-privileged financial information.

68.

The above acts and activities on the part of Defendants have, in violation of 42 U.S.C. § 1983, restrained, coerced, and denied Plaintiff his right to freedom of speech, protected and secured by the First and Fourteenth Amendments to the United States Constitution.

69.

As a proximate result of Defendants' course of unlawful and retaliatory treatment, Plaintiff has suffered consequential damages.

70.

Plaintiff is, therefore, entitled to compensatory damages pursuant to 42 U.S.C. § 1983.

## COUNT II
## CONSPIRACY TO RETALIATE FOR SPEECH ON MATTERS OF PUBLIC CONCERN IN VIOLATION OF 42 U.S.C. § 1983

71.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through seventy (70) above as if fully set forth herein.

72.

On or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them agreed and conspired to restrain, coerce, and

deny Plaintiff his right to freedom of speech, protected and secured by the First and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

73.

On or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley employed Investigators in furtherance of the conspiracy between or among Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them.

74.

As a proximate result of the conspiracy between or among Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them, Plaintiff has suffered consequential damages.

75.

Plaintiff is, therefore, entitled to compensatory damages pursuant to 42 U.S.C. § 1983.

## COUNT III
## CONSPIRACY TO VIOLATE 42 U.S.C. § 1983

76.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through seventy-five (75) above as if fully set forth herein.

- 23 -

77.

On or about October 7, 2003, Defendants agreed and conspired to restrain, coerce, and deny Plaintiff his right to freedom of speech, protected and secured by the First and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

78.

In furtherance of the conspiracy between or among Defendants, Investigators knowingly initiated and performed the entire investigation against Plaintiff which led to the First, Second, and Third Indictments.

79.

In furtherance of the conspiracy between or among Defendants, Defendant Langley, acting alone or in concert with other Defendants, knowingly gave or offered to give the Dougherty County District Attorney's Office money with the purpose of influencing the Dougherty County District Attorney's Office to produce the documents received pursuant to the Grand Jury Subpoenas to the Defendants.

80.

As a proximate result of the conspiracy between or among Defendants, Plaintiff has suffered consequential damages.

81.

Plaintiff is, therefore, entitled to compensatory damages pursuant to 42 U.S.C. § 1983.

## COUNT IV
## UNLAWFUL ACCESS TO & DISCLOSURE OF COMMUNICATIONS
## IN VIOLATION OF 18 U.S.C. § 2701 ET.SEQ.

82.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through eighty-one (81) above as if fully set forth herein.

83.

At all relevant times, Alltel provided Plaintiff with an "electronic communication service," as that term is defined in 18 U.S.C. § 2510, for telephone number (229) 343-8116.

84.

From March 21 to March 22, 2004, Plaintiff used his Alltel "electronic communication service" to make "wire communications" and/or "electronic communications" as those terms are defined in  18 U.S.C. § 2510.

85.

At all relevant times, Plaintiff's "wire communications" and/or "electronic communications" from March 21 to March 22, 2004 were in Alltel's "electronic storage," as that term is defined in 18 U.S.C. § 2510.

86.

In violation of 18 U.S.C. § 2701(a), some or all Defendants intentionally accessed without authorization a facility through which an "electronic communication service" is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage."

87.

In violation of 18 U.S.C. § 2701(a),   some or all Defendants intentionally exceeded authority to access a facility through which an "electronic communication" service is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage."

88.

In violation of 18 U.S.C. § 2707(g), some or all Defendants willfully disclosed records of Plaintiff's March 21 to March 22, 2004 "wire

communications" and/or "electronic communications" obtained by the Dougherty County District Attorney's Office pursuant to the Grand Jury Subpoenas.

89.

Plaintiff did not discover nor did Plaintiff have any reason to discover the Defendants' violations of 18 U.S.C. § 2701 et.seq. until on or about February 16, 2006.

90.

Plaintiff qualifies as an "aggrieved person" within the meaning of 18 U.S.C. § 2707(a).

91.

As a direct and proximate consequence of Defendants' violations of 18 U.S.C. § 2701 et.seq., Plaintiff has been damaged and is entitled to an award of civil damages authorized under 18 U.S.C. § 2707 including, but not limited to, actual damages, profits made by the Defendants as a result of their violation, punitive damages, and reasonable attorney's fees and other litigation costs reasonably incurred.

## COUNT V
## MALICIOUS PROSECUTION

92.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through ninety-one (91) above as if fully set forth herein.

93.

Defendants, acting alone and/or in concert, engaged in and/or committed the unlawful act of malicious prosecution when in violation of O.C.G.A. § 51-7-40, some or all Defendants intentionally instigated the prosecution of Plaintiff and others for criminal offenses contained in the First, Second and Third Indictments with malice and without probable cause.

94.

Plaintiff's prosecution under each of the First, Second and Third Indictments terminated in favor of the Plaintiff.

95.

As a result of the Defendants' violation of O.C.G.A. § 51-7-40, Plaintiff has suffered injuries for which he is entitled to recover any and all damages authorized under O.C.G.A. § 51-7-47 and Georgia law.

## <u>COUNT VI</u>
## CONSPIRACY TO MALICIOUSLY PROSECUTE

96.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through ninety-five (95) above as if fully set forth herein.

97.

On or about August 22, 2004, Defendants PPHS, McCormick, and/or Langley agreed and conspired to intentionally prosecute the Plaintiff and others for criminal offenses contained in the First, Second and Third Indictments with malice and without probable cause in violation of O.C.G.A. § 51-7-40.

98.

Defendants PPHS, McCormick, and/or Langley, acting alone and/or in concert, violated O.C.G.A. § 51-7-40 when they instigated the prosecution of Plaintiff and others for criminal offenses contained in the First, Second and Third Indictments with malice and without probable cause in furtherance of the conspiracy.

99.

As a result of the conspiracy to violate O.C.G.A. § 51-7-40, Plaintiff has suffered injuries for which he is entitled to recover any and all damages authorized under O.C.G.A. § 51-7-47 and Georgia law.

## COUNT VII
## IDENTITY FRAUD

100.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through ninety-nine (99) above as if fully set forth herein.

101.

Defendants, acting alone and/or in concert, engaged in and/or committed the unlawful act of identity fraud in violation of O.C.G.A § 16-9-121 when, without the authorization or permission of Plaintiff and with the intent to appropriate resources of Plaintiff to their own use, they intentionally obtained identifying information of Plaintiff to assist in accessing the resources of Plaintiff and in otherwise violating Plaintiff's right to privacy and other rights secured by the United States Constitution and the Constitution of the State of Georgia.

102.

Defendants, acting alone and/or in concert, engaged in and/or committed the unlawful act of identity fraud in violation of O.C.G.A § 16-9-121 when, without the authorization or permission of Plaintiff and with the intent to appropriate resources of Plaintiff to their own use, they intentionally accessed or attempted to access the resources of Plaintiff through the use of identifying information and otherwise violated Plaintiff's right to privacy and other rights secured by the

United States Constitution and the Constitution of the State of Georgia.

103.

Plaintiff qualifies as a "consumer victim" under O.C.G.A. § 16-9-120(3) and O.C.G.A. § 16-9-130.

104.

Plaintiff has suffered injuries and damages as a direct and proximate consequence of Defendants' actions and therefore is entitled to recover three times actual damages and an award of general damages, punitive damages, and reasonable attorney's fees and expenses of litigation incurred in connection with this action under O.C.G.A. § 16-9-130.

## **COUNT VIII**
## **CONSPIRACY TO COMMITT IDENTITY FRAUD**

105.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred four (104) above as if fully set forth herein.

106.

In violation of O.C.G.A § 16-9-122, Defendants, acting alone or in concert, conspired to violate Article 9 of Title 16 of the Official Code of Georgia Annotated

in their efforts to violate Plaintiff's right to privacy and other rights secured by the United States Constitution and the Constitution of the State of Georgia.

107.

Plaintiff has suffered injuries and damages as a direct and proximate consequence of Defendants' violation of O.C.G.A § 16-9-122 and therefore is entitled to recover three times actual damages and an award of general damages, punitive damages, and reasonable attorney's fees and expenses of litigation incurred in connection with this action under O.C.G.A. § 16-9-130.

## COUNT IX
## VIOLATION OF THE GEORGIA
## COMPUTER SYSTEMS PROTECTION ACT

108.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred seven (107) above as if fully set forth herein.

109.

For the purpose of alleging the violations of the Georgia Computer Systems Protection Act contained herein, the terms and phrases contained and defined in O.C.G.A. § 16-9-92 are incorporated by reference.

110.

Defendants, acting alone or in concert, engaged in and/or committed the unlawful act of computer invasion of privacy (O.C.G.A. § 16-9-93(c)) when Defendants used a computer or computer network with the intent of examining personal data relating to Rehberg and/or Plaintiff with the knowledge that the examination was without the authority of Rehberg and/or Plaintiff.

111.

Defendants, acting alone or in concert, engaged in and/or committed the unlawful act of computer trespass when in violation of the Georgia Computer Systems Protection Act (O.C.G.A. § 16-9-93(b)) Defendants used a computer or computer network with the intention of deleting and/or removing, temporarily and/or permanently, computer programs and/or data from a computer or computer network owned and/or possessed by Plaintiff and/or Rehberg with knowledge that such use was without the authority of Plaintiff and/or Rehberg.

112.

Defendants, acting alone or in concert, engaged in and/or committed the unlawful act of computer trespass when, in violation of the Georgia Computer Systems Protection Act (O.C.G.A. § 16-9-93(b)), Defendants used a computer or computer network with the intention of obstructing, interrupting and/or interfering

with the use of a computer program or data installed and/or contained within a computer or computer network owned and/or possessed by Plaintiff and/or Rehberg with knowledge that such use was without the authority of Plaintiff and/or Rehberg.

113.

Defendants, acting alone or in concert, engaged in and/or committed the unlawful act of computer trespass when, in violation of the Georgia Computer Systems Protection Act (O.C.G.A. §16-9-93(b)), Defendants used a computer or computer network with the intention of altering, damaging, and/or in causing the malfunction of a computer and/or computer network owned and/or possessed by Plaintiff and/or Rehberg, or a computer program installed and/or contained therein, with knowledge that such use was without the authority of Plaintiff and/or Rehberg.

114.

As a direct and proximate consequence of Defendants' actions, Plaintiff has suffered injuries and damages and is entitled to recover damages including but not limited to Plaintiff's lost profits, Plaintiff's expenditures, the costs of this suit and any and all damages authorized under O.C.G.A. § 16-9-93(g) and Georgia law.

## COUNT X
## GEORGIA RICO ACT VIOLATIONS

### 115.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred fourteen (114) above as if fully set forth herein.

### 116.

Defendants each qualify as a "person" within the meaning of O.C.G.A. § 16-14-4, Georgia's Civil Racketeer Influenced and Corrupt Organizations Act.

### 117.

Defendants constitute an "enterprise" within the meaning of O.C.G.A. § 16-14-3(6) (hereinafter "Enterprise") and are employed by or associated with the Enterprise.

### 118.

Defendant Langley, acting alone or in concert with other Defendants, violated O.C.G.A. § 16-10-2(a)(1) when Defendant Langley gave or offered to give the Dougherty County District Attorney's Office money to which the Dougherty County District Attorney's Office was not entitled to receive with the purpose of influencing the Dougherty County District Attorney's Office to produce

to the documents received by the Dougherty County District Attorney's Office pursuant to the Grand Jury Subpoenas to the Defendants.

119.

Defendants, acting alone or in concert, violated O.C.G.A. § 16-10-20 when they knowingly and willfully made false, fictitious and fraudulent statements to Hodges and/or the Dougherty County District Attorney's Office, indicating that any recipient of the Phoebe Factoids was bothered by, harassed or otherwise felt that they were a "victim."

120.

Defendants, acting alone or in concert, violated O.C.G.A. § 16-10-20 when they knowingly and willfully made false, fictitious and fraudulent statements to the Dougherty County Grand Jury that returned the First Indictment through Hodges and/or the Dougherty County District Attorney's Office or through Defendants' influence exerted over same and/or, upon information and belief, directly.

121.

Defendants, acting alone or in concert,  violated O.C.G.A. § 16-10-20 when they knowingly and willfully made false, fictitious and fraudulent statements to the Dougherty County Grand Jury that returned the Second Indictment through Hodges and/or the Dougherty County District Attorney's Office or through

Defendants' influence exerted over same and/or, upon information and belief, directly.

### 122.

Defendants, acting alone or in concert, violated O.C.G.A. § 16-10-20 when they knowingly and willfully made false, fictitious and fraudulent statements and representations to the Dougherty County Grand Jury that returned the Third Indictment through Hodges and/or the Dougherty County District Attorney's Office or through Defendants' influence exerted over same and/or, upon information and belief, directly.

### 123.

At all relevant times, the proceedings before the Dougherty County Grand Jury wherein the First, Second and Third Indictments were issued were and are matters within the exclusive jurisdiction of the Dougherty County District Attorney's office, a political subdivision of this state.

### 124.

Defendants, acting alone or in concert, engaged in and/or committed the unlawful act of influencing witnesses in violation of O.C.G.A. § 16-10-93 when, with intent to deter Rehberg from testifying freely, fully, and truthfully before a

grand jury, offered Rehberg, civil and criminal immunity in exchange for his cooperation in the investigation of Plaintiff's identity.

125.

Defendant Langley engaged in and/or committed the unlawful act of influencing witnesses in violation of O.C.G.A. § 16-10-93 when he knowingly used intimidation with intent to influence, delay, or prevent David Prisant from testifying during the course of official proceedings related to the Plaintiff's action against the Defendants.

126.

Defendant Langley engaged in and/or committed the unlawful act of influencing witnesses in violation of O.C.G.A. § 16-10-93 when he knowingly used intimidation with intent to cause or induce David Prisant to withhold testimony or records, documents or other objects during the course of official proceedings related to the Plaintiff's action against the Defendants.

127.

Defendant Langley engaged in and/or committed the unlawful act of influencing witnesses in violation of O.C.G.A. § 16-10-93 when he knowingly used intimidation with intent to cause or induce David Prisant to evade legal process summoning David Prisant to appear as a witness or to produce records,

documents, or other objects during the course of official proceedings related to the Plaintiff's action against the Defendants.

128.

The Defendants committed, attempted to commit, and/or solicited, coerced, or intimidated other persons to commit the actions described herein in violation of O.C.G.A. §§ 16-9-120, 16-9-93, 16-10-2, 16-10-20, and 16-10-93.

129.

Each violation qualifies as "racketeering activity" under O.C.G.A. § 16-14-3(9) (hereinafter "Defendants' Racketeering Activities").

130.

Defendants' Racketeering Activities constitute two or more acts of racketeering activity establishing a pattern of racketeering activity under O.C.G.A. § 16-14-3(8) having the same or similar intent, result, accomplices and/or methods of commission (hereinafter "Defendants' Pattern of Racketeering Activity").

131.

In violation of O.C.G.A. § 16-14-4(a), Defendants acquired and/or maintained, directly and/or indirectly, an interest in and control over Plaintiff's private phone records and/or other records, information, and personal property of Plaintiff through Defendants' Pattern of Racketeering Activity.

132.

In violation of O.C.G.A. § 16-14-4(a), Defendants maintained, directly and/or indirectly, an interest in and control over the Enterprise through Defendants' Pattern of Racketeering Activity.

133.

In violation of O.C.G.A. § 16-14-4(b), Defendants conducted and/or participated, directly and/or indirectly, in the Enterprise through Defendants' Pattern of Racketeering Activity.

134.

In violation of O.C.G.A. § 16-14-4(c), Defendants conspired and/or endeavored to acquire and/or maintain, directly and/or indirectly, possession and control over the Plaintiff's private phone records and/or other records, information, and personal property of the Plaintiff through Defendants' Pattern of Racketeering Activity.

135.

In violation of O.C.G.A. § 16-14-4(c), Defendants conspired and/or endeavored to maintain, directly and/or indirectly, an interest in and control over the Enterprise through Defendants' Pattern of Racketeering Activity and the proceeds derived therefrom.

136.

In violation of O.C.G.A. § 16-14-4(c), Defendants conspired and/or endeavored to conduct and/or participate in the Enterprise, directly and/or indirectly, through Defendants' Pattern of Racketeering Activity.

137.

As a direct and proximate consequence of Defendants' actions, Plaintiff has been damaged and is entitled to recover treble damages, punitive damages and attorneys' fees, costs of investigation and litigation costs authorized by O.C.G.A. § 16-14-1 et seq. and Georgia law.

## COUNT XI
## GEORGIA CONSTITUTIONAL CLAIMS

138.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred thirty-seven (137) above as if fully set forth herein.

139.

At all times relevant to this Complaint and as described above, Defendants were acting under color of law.

140.

Defendants, in initiating and/or performing the entire investigation against Plaintiff that led to the First, Second, and Third Indictments, retaliated against Plaintiff for the lawful exercise of his constitutional right to free speech on matters of public concern, in violation of Plaintiff's rights under Article I, § 1, ¶ 5 of the Constitution of the State of Georgia.

141.

As a proximate result of Defendants' course of unlawful and retaliatory treatment, Plaintiff has suffered consequential damages.

## COUNT XII
## CONSPIRACY TO RETALIATE FOR SPEECH ON MATTERS OF PUBLIC CONCERN IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE GEORGIA CONSTITUTION

142.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred forty-one (141) above as if fully set forth herein.

143.

On or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them agreed and conspired to retaliate against

Plaintiff for the lawful exercise of his constitutional right to free speech on matters of public concern, in violation of Plaintiff's rights under Article I, § 1, ¶ 5 of the Constitution of the State of Georgia.

144.

On or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley employed Investigators in furtherance of the conspiracy between or among Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them.

145.

As a proximate result of the conspiracy between or among Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley or some of them, Plaintiff has suffered consequential damages.

<b><u>COUNT XIII</u></b><br>
<b>CONSPIRACY TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE GEORGIA CONSTITUTION</b>

146.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through one hundred forty-five (145) above as if fully set forth herein.

147.

On or about October 7, 2003, Defendants agreed and conspired to restrain, coerce, and deny Plaintiff his right to freedom of speech, protected and secured by Article I, § 1, ¶ 5 of the Constitution of the State of Georgia.

148.

In furtherance of the conspiracy between or among Defendants, Investigators knowingly initiated and performed the entire investigation against Plaintiff which led to the First, Second, and Third Indictments

149.

In furtherance of the conspiracy between or among Defendants, Defendant Langley, acting alone or in concert with other Defendants, knowingly gave or offered to give the Dougherty County District Attorney's Office money with the purpose of influencing the Dougherty County District Attorney's Office to produce the documents received pursuant to the Grand Jury Subpoenas to the Defendants.

150.

As a proximate result of the conspiracy between or among Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley, Plaintiff has suffered consequential damages.

## COUNT XIV
## PUNITIVE DAMAGES

### 151.

Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through one hundred fifty (150) above as if fully set forth herein.

### 152.

Defendants' conduct as described above, amounts to willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that would raise the presumption of conscious indifference to the consequences according to O.C.G.A. § 51-12-5.1(b).

WHEREFORE, Plaintiff prays for the following relief:

(a)     that all Defendants be served with process;

(b)     that Plaintiff have a trial by jury of all issues in this action;

(c)     that Plaintiff have and recover from Defendants an amount shown by the evidence to compensate Plaintiff for the Counts enumerated herein;

(d)     that Plaintiff have and recover from Defendants treble damages authorized by the evidence under O.C.G.A. § 16-9-130, O.C.G.A. § 16-14-1 et seq. and Georgia law;

(e)     that Plaintiff have and recover from Defendants statutory damages authorized under 18 U.S.C. § 2707;

(f)     that Plaintiff have and recover from Defendants their costs, litigation expenses, and attorney's fees in the present action pursuant to 42 U.S.C. § 1988, 18 U.S.C. § 2707, O.C.G.A. § 16-9-93, O.C.G.A. § 16-9-130, O.C.G.A. § 16-14-1 et seq. and Georgia law;

(g)     that Plaintiff have and recover from Defendants punitive damages pursuant to O.C.G.A. § 51-12-5.1 or 18 U.S.C. § 2707 in an amount shown by the evidence to punish, penalize and deter Defendants;

(h)     that Plaintiff have and recover temporary and permanent injunctive relief pursuant to O.C.G.A. § 16-14-6 to restrain the Defendants' continuing pattern of racketeering activity pattern; and

(i)     that Plaintiff have such other and further relief to which this Honorable Court deems justice to demand.

Respectfully submitted this 27th day of January, 2009.

MCCALL WILLIAMS WILMOT & POWELL, LLC

s/ Henry E. Williams
Henry E. Williams
State Bar No. 762350

s/ Ralph W. Powell, Jr.
Ralph W. Powell, Jr.
State Bar No. 586370

s/ Alex J. Kaplan
Alex J. Kaplan
State Bar No. 406776

Post Office Box 71747
Albany, Georgia 31708-1747
(229) 888-2600

FINLEY & BUCKLEY, PC

s/ Timothy J. Buckley III
Timothy J. Buckley III
State Bar No. 092913
2931 North Druid Hills Road, Suite C
Atlanta, Georgia 30329
(404) 320-9979

## CERTIFICATION BY ATTORNEY SUBMITTING ELECTRONIC FILING

*I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.*

By:     s/ Alex J. Kaplan
        Alex J. Kaplan
        State Bar No. 406776
        Post Office Box 71747
        Albany, Georgia 31708-1747
        (229) 888-2600