**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **V. JOHN BAGNATO, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., JOEL WERNICK, LANGLEY AND LEE, LLC, CARL RICHARD LANGLEY, LARRY J. MCCORMICK, AND ASSOCIATES, LLC, LARRY J. MCCORMICK, WORK DYNAMICS, INC., STEPHEN B. CHENOWETH, JOHN DOES NO. I THOUGH V, ABC CORPORATION, and XYZ CORPORATION,** | ) | **FILE NO: 1:07-CV-00030-WLS** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW,** Plaintiff, by and through his attorney of record, and files his Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint and shows as follows:

## INTRODUCTION

Defendants have moved to dismiss the Plaintiff's Amended Complaint for failing to state claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defendants' Motion, Doc. 238). The specific grounds for the Defendants' motion are that the factual allegations in the Amended Complaint are insufficient to support the claims contained in Counts IV, VII, VIII, and IX of the Amended Complaint. (Defendants' Supportive Memorandum, Doc. 238-2, pp. 1-2). Although

the Defendants' motion is brought exclusively under Federal Rule of Civil Procedure 12(b)(6), Defendants allege lack of standing and untimely filing of the Amended Complaint as additional grounds for their motion. Id. at p. 2. As shown herein, however, none of the grounds raised by the Defendants in support of their motion warrant dismissal of the Plaintiff's Amended Complain at the pleading stage of this litigation.

**FACTS**

The claims contained in the Plaintiff's Amended Complaint are supported by specific factual and legal allegations, despite the Defendants' arguments.

The allegations contained in the Plaintiff's Amended Complaint show that the Plaintiff's claims involve the Defendants' illegal conduct used to identify and investigate the authors and publishers of several anonymous facsimiles from September, 2003 through March, 2004 (hereinafter "Phoebe Factoids"), including the Plaintiff. The Phoebe Factoids provided the community of Albany, Dougherty County, Georgia, with information on, among other things, irresponsible and improper conduct by those controlling and directing Defendants Phoebe Putney Health System, Inc. ("PPHS") and Phoebe Putney Memorial Hospital, Inc. ("PPMH") – a hospital entrusted with public funds. (Amended Complaint ¶¶ 20-21).

In an effort to determine the identity of the authors of the Phoebe Factoids, on or about October 7, 2003, Defendants PPHS, PPMH, Wernick, Langley & Lee and Langley employed private investigators, Defendants McCormick, Chenoweth, Work Dynamics and McCormick & Associates (collectively referred to as the "Investigators"). Defendants McCormick & Associates, McCormick and Chenoweth are all legal residents of the state of Arizona. (Amended Complaint ¶¶ 9-10, 12, 23).

Shortly after Defendants PPMH and PPHS obtained the services of the Investigators, Plaintiff and Rehberg received e-mail communications containing suspicious attachments consistent with software which would allow a person to gain access to information from the e-mail recipient's computer from August 3, 2004 until September 9, 2004 (hereinafter "Fraudulent E-Mails"). Plaintiff did not give Defendants permission or authority to access any information on computers he owned and/or possessed. Plaintiff was able to determine that each of the Fraudulent E-Mails he received was sent by 186.muaa.phnz.sndgcau2.dsl.att.net from the IP address 12.99.216.186 in Arizona – the resident state of Defendants McCormick & Associates, McCormick and Chenoweth. On or about September 9, 2004, legal counsel, representing Rehberg told Defendant Langley to have Defendants' Investigators cease sending the Fraudulent E-mails. Subsequent to that conversation, neither Plaintiff nor Rehberg received any further Fraudulent E-mails from the aforementioned Arizona IP address. (Amended Complaint ¶¶ 9-10, 12, 40-43).

Defendants, on their own, failed to identify the author of and/or the individual or entity sending the Phoebe Factoids. In an effort to obtain material and information they had failed to obtain through their own efforts, the Defendants procured and solicited the assistance of the Dougherty County District Attorney and his office to investigate the authors of the Phoebe Factoids. The process of investigating alleged criminal activity reported to the Dougherty County District Attorney's Office is traditionally the exclusive prerogative of the Dougherty County District Attorney's Office or other law enforcement agencies, divisions of the State of Georgia. The Defendants usurped a public function by undertaking the investigation of Plaintiff and commandeering the Office of the Dougherty County District Attorney and, at all relevant times, acted under color of state law. (Amended Complaint ¶¶ 25-26, 28, 64-66).

At the request of Defendants, the Dougherty County District Attorney and/or his agents sent grand jury subpoenas to Alltel and other entities over an approximate six month period (hereinafter “Grand Jury Subpoenas”). The Dougherty County District Attorney’s Office received records responsive to the Grand Jury Subpoenas. The Dougherty County District Attorney’s Office provided the information it received in response to the Grand Jury Subpoenas to Defendants or some of them. One or more of the Defendants financed the costs associated with the Dougherty County District Attorney’s Office investigation, including but not limited to the information and/or materials received in response to the Grand Jury Subpoenas. Defendants exerted their influence over the Dougherty County District Attorney’s Attorney and his office to obtain the information and/or materials received in response to the Grand Jury Subpoenas. Defendants Langley, Langley & Lee, and the Investigators at the direction of Defendants PPHS, PPMH, and Wernick and with the authorization of the Dougherty County District Attorney’s Office, used the information and/or materials received in response to the Grand Jury Subpoenas to investigate Plaintiff and other citizens, including, but not limited to, Charles Rehberg (hereinafter “Rehberg”). (Amended Complaint ¶¶ 30-35).

Following their receipt of the information and materials obtained by the Dougherty County District Attorneys Office, in response to the Grand Jury subpoenas, Defendants disclosed the records provided by the Dougherty County District Attorney’s Office to others and/or used said records to identify electronic communications transmitted and/or received from March 21 to March 22, 2004, by Plaintiff’s telephone number “(229) 343-8116.” Alltel provided Plaintiff with an "electronic communication service" meeting the definition of that term in 18 U.S.C. § 2510, for telephone number (229) 343-8116. From March 21 to March 22, 2004, Plaintiff used his Alltel “electronic communication service” to make “wire communications” and/or “electronic

communications" meeting the definitions of those terms in 18 U.S.C. § 2510. Such "wire communications" and/or "electronic communications" were in Alltel's "electronic storage," as that term is defined in 18 U.S.C. § 2510. (Amended Complaint ¶¶ 47, 83-85).

Count IV of the Amended Complaint alleges that some or all Defendants violated 18 U.S.C. §§ 2701(a) and 2707(g) as follows: intentionally accessed without authorization a facility through which an "electronic communication service" is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage"; intentionally exceeded authority to access a facility through which an "electronic communication" service is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage"; willfully disclosed records of Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" obtained by the Dougherty County District Attorney's Office pursuant to the Grand Jury Subpoenas. (Amended Complaint ¶¶ 86-88).

In Counts VII and VIII, the Amended Complaint alleges that the Defendants, acting alone and/or in concert, committed "Identity Fraud" as follows:

> 1. violated OCGA 16-9-121 when, without the authorization or permission of Plaintiff and with the intent to appropriate resources of Plaintiff to their own use, they intentionally obtained identifying information of Plaintiff to assist in accessing the resources of Plaintiff.
>
> 2. violated OCGA 16-9-121 when, without the authorization or permission of Plaintiff and with the intent to appropriate resources of Plaintiff to their own use, they intentionally accessed or attempted to access the resources of Plaintiff through the use of identifying information.
>
> 3. conspired to violate Article 9 of Title 16 of the Official Code of Georgia Annotated in violation of OCGA 16-9-122.

(Amended Complaint ¶¶ 101-102, 106).

In Count IX, the Amended Complaint alleges that the Defendants, acting alone and/or in concert, violated the Georgia Computer Systems Protection Act[1] as follows:

> 1. Defendants used a computer or computer network with the intent of examining personal data relating to Rehberg and/or Plaintiff with the knowledge that the examination was without the authority of Rehberg and/or Plaintiff in violation of OCGA 16-9-93(c), otherwise known as "computer invasion of privacy."
>
> 2. Defendants used a computer or computer network with the intention of deleting and/or removing, temporarily and/or permanently, computer programs and/or data from a computer or computer network owned and/or possessed by Plaintiff and/or Rehberg with knowledge that such use was without the authority of Plaintiff and/or Rehberg in violation of OCGA 16-9-93(b), otherwise known as "computer trespass."
>
> 3. Defendants used a computer or computer network with the intention of obstructing, interrupting and/or interfering with the use of a computer program or data installed and/or contained within a computer or computer network owned and/or possessed by Plaintiff and/or Rehberg with knowledge that such use was without the authority of Plaintiff and/or Rehberg in violation of OCGA 16-9-93(b), otherwise known as "computer trespass."
>
> 4. Defendants used a computer or computer network with the intention of altering, damaging, and/or in causing the malfunction of a computer and/or computer network owned and/or possessed by Plaintiff and/or Rehberg, or a computer program installed and/or contained therein, with knowledge that such use was without the authority of Plaintiff and/or Rehberg in violation of OCGA 16-9-93(b), otherwise known as "computer trespass."

(Amended Complaint ¶¶ 110-113).

## MOTION TO DISMISS STANDARD

This Court stated the standards applicable to evaluating a motion to dismiss for failure to state claims under FRCP 12(b)(6) in Kerfoot v. Breeden, 2007 U.S. Dist. LEXIS 23631 (M.D. Ga. Mar. 29, 2007):

> On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." Stephens v. Dep't of Health and Human Servs., 901 F.2d

[1] For the purpose of alleging violations of the Georgia Computer Systems Protection Act contained in the Amended Complaint, the Plaintiff incorporated the terms and phrases defined in O.C.G.A. § 16-9-92 by express reference. (Amended Complaint ¶ 109).

> 1571, 1573 (11th Cir. 1990). "A motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (internal quotations omitted)). While "a plaintiff is not held to a high standard with respect to a motion to dismiss for failure to state a claim," to survive such a motion, Plaintiff "must do more than merely state legal conclusions; [he is] required to allege some specific factual bases for those conclusions or face dismissal of [his] claims." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citing Wagner v. Daewoo Heavy Industries Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc)). Nevertheless, motions to dismiss are viewed with disfavor and are rarely granted. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

Since the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Eleventh Circuit Court of Appeals has added that the standard applicable to evaluating a complaint subject to a motion to dismiss "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the required element. It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible." Rivell v. Private Health Care Sys., 520 F.3d 1308, 1309-10 (11th Cir. 2008) (citations and punctuation omitted). Even under Twombly, as long as the factual allegations, taken as true, show a plausible claim for relief, the complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, *supra* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." United Techs. Corp. v. Mazer et.al., 2009 U.S. App. LEXIS 2296 (11th Cir. 2009) (quoting Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) and Twombly, *supra* at 553-4).

In the United Techs. Corp. case, the Eleventh Circuit Court of Appeals reviewed the dismissal of the complaint filed by United Techs. Corp. ("UTC") alleging vicarious liability for state law claims against a corporate defendant, West-Hem, based on conduct of its officer, Mazer, under the theory of Respondeat Superior. Under the applicable state law, Mazer's conduct fell within the scope of employment to establish vicarious liability under Respondeat Superior if the conduct: (1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment. The district court granted West-Hem's motion to dismiss based on the argument that "UTC failed to plead the three elements required for a finding that Mazer's conduct was within the scope of his employment and instead relied on conclusory statements of law or mixed law and fact." Id. at 19. The Court of Appeals reversed, holding that "although UTC, in its complaint, did not expressly allege these three elements, . . . the complaint's allegations regarding Mazer's conduct 'within the scope of his employment' either incorporate these elements or generate an inference of these elements sufficient for notice pleading and to withstand a Rule 12(b)(6) motion to dismiss." Id. at 20. The Court of Appeals reasoned that

> at the pleading stage, UTC could not possibly have had access to the inside West-Hem information necessary to prove conclusively - or even plead with greater specificity - the factual basis for holding West-Hem liable for Mazer's conduct. ***That is why we have discovery.*** At the pleading stage, we assess only whether UTC's allegations are enough to raise a right to relief above the speculative level. Giving UTC, which is at a clear informational disadvantage, some benefit of the doubt to go along with the specific facts it has pled, its allegation that Mazer was acting on behalf of West-Hem reaches at least above the speculative level.

Id. at 21-22 (internal citations and punctuation omitted).

Under the Eleventh Circuit's analysis in the United Techs. Corp. case, the requirement that a complaint contain more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action" to survive a Rule 12(b)(6) motion to dismiss is subject to consideration of all the facts stated in the complaint and all reasonable inferences taken as true.

**ARGUMENT & CITATION OF AUTHORITY:**

The Defendants' motion relies entirely on the allegations contained within the individual Counts in the Amended Complaint and ignores the factual allegations in paragraphs that precede the individual Counts. These factual allegations together with the allegations in Counts IV, VII, VIII, and IX are sufficient under the pleading standards in the Federal Rules of Civil Procedure. Therefore, the Defendants have not met their burden of demonstrating that the Plaintiff's Amended Complaint fails to state the claim in Counts IV, VII, VIII, and IX and their motion to dismiss must be denied.

**1. Most of the Defendants arguments in support of its motion to dismiss are based entirely on the incorrect application of the pleading standard that forbids the use of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to the allegations in the Amended Complaint.**

Most of the Defendants arguments in support of its motion to dismiss claims contained in Counts IV, VII, VIII, and IX of the Amended Complaint are based entirely on the assertion that the Plaintiff is completely prohibited from using "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." While the Twombly decision includes these phrases in its statement of the legal standard applicable to evaluating a motion to dismiss for failing to state claims, the legal standard stated in Twombly is not applied as rigidly as the Defendants assert in their arguments, as demonstrated by the analysis and reasoning in the United Techs. Corp. case.

The use of "labels and conclusions" and the so-called "formulaic recitation of the elements of a cause of action" at the heart of the Defendants arguments is expressly authorized

by United Techs. Corp. In that case, the Court of Appeals outlined that the proper manner for the plaintiff to allege its state law claims involves setting forth the elements of the plaintiff's causes of action and substituting factual allegations within those elements. United Techs. Corp., *supra* at 13-16. This the exact method used to set forth the Plaintiff's claims in the Amended Complaint. Accordingly, the claims contained in the Amended Complaint meet the pleading standards and analysis in the United Techs. Corp. case.

Moreover, the Defendants' arguments generally ignore the factual allegations contained in the sixty (61) paragraphs that precede the allegations within the individual counts of the Amended Complaint. Incorporating such factual allegations into Counts IV, VII, VIII, and IX supplies detailed factual allegations as grounds for the Plaintiff's claims against the Defendants. As in United Techs. Corp., such factual allegations, and inferences therefrom, are sufficient to meet the pleading standards applicable to the Amended Complaint under the circumstances in this case because they give the notice of the grounds for the Plaintiff's claims against the Defendants. Based on such notice, the parties are free to develop evidence in support or opposition to the claims during discovery and, thereafter, to advance their positions in motions for summary judgment or trial.

The Defendants' motion to dismiss should be summarily denied because the Defendants have not met their burden of demonstrating that Counts IV, VII, VIII, and IX should be dismissed at the pleading stage based on the sole argument that the Plaintiff used "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to state the claims contained in the Amended Complaint.

**2. Taking the factual allegations in the Amended Complaint as true and construed in the light most favorable to the Plaintiff, the Defendants have not met their burden of demonstrating beyond doubt that the Plaintiff cannot prove facts which would entitle him to relief for violations of 18 USCA § 2701(a) (Count IV).**

The Stored Communications Act authorizes a civil recovery from anyone that knowingly or intentionally obtained access to a wire[2] or electronic communication[3] from electronic storage[4] at a facility through which an electronic communication service[5] is provided without authority or by exceeding authority to access such a facility. 18 USCA §§ 2701(a); 2707.

As alleged in the Amended Complaint, the District Attorney's office received specific records from Alltel[6], the Plaintiff's electronic service provider, pursuant to a Grand Jury Subpoena. The Defendants obtained those records from the District Attorney's office. The Investigators then returned to Alltel with the records from the District Attorney's office and obtained additional records from Alltel. Under the facts alleged in the Amended Complaint, and inferences therefrom, the Plaintiff would be entitled recover if the evidence developed during

---

[2] "Wire communication" is defined as "Any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception (including the use of such connection in a switching station) furnished or operated by any person engaged in providing or operating such facilities for the transmission of interstate or foreign communications or communications affecting interstate or foreign commerce." 18 U.S.C. 2510(1).

[3] "Electronic communication" is defined as "Any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce, but does not include (A) any wire or oral communication." 18 U.S.C. 2510(12).

[4] "Electronic storage" is defined as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. 2510(17).

[5] "Electronic communication service" is defined as "Any service which provides to users thereof the ability to send or receive . . . electronic communications." 18 U.S.C. 2510(15).

[6] I.e., records applicable to the service provided for Plaintiff's telephone number "(229) 343-8116" from March 21 to March 22, 2004.

discovery proved that the Defendants obtained wire or electronic communications maintained by Alltel in an electronic storage facility in this second round of records with knowledge that they were not authorized to obtain such records by the District Attorney's office or acting on behalf of the District Attorney's office. At the pleading stage, it would be impossible for the Plaintiff to know exactly which records the Defendants obtained from the District Attorney's Office compared to the records subsequently obtained directly from Alltel. It is further impossible for the Plaintiff to know exactly where and how Alltel maintained the records obtained by the Defendants subsequent to Alltel's production of records responsive to the District Attorney's Grand Jury Subpoena. Under the analysis and reasoning in United Techs. Corp., the Plaintiff's allegations in the Amended Complaint are sufficient to withstand the Defendants' motion to dismiss in order for the parties to discover evidence related to the actual nature and/or type of the communications obtained by the Defendants directly from Alltel and where and/or how those communications were actually stored by Alltel.

**3. Taking the factual allegations in the Amended Complaint as true and construed in the light most favorable to the Plaintiff, the Defendants have not met their burden of demonstrating beyond doubt that the Plaintiff cannot prove facts which would entitle him to relief for violating 18 USCA § 2707(g) (Count IV).**

18 USCA § 2707(g) states "Any willful disclosure of a record obtained by an investigative or law enforcement officer, or a governmental entity, pursuant to 18 USCS § 2703, . . . that is not a disclosure made in the proper performance of the official functions of the officer or governmental entity making the disclosure, is a violation of 18 USCS §§ 2701 et seq.. 18 USC 2707(g) does not create a cause of action separate from the action established in 18 USC 2707(a) but rather merely establishes the elements of a per se violation of 18 USC 2701 to authorize a civil recovery under 18 USC 2707(a) as follows:

1. Disclosure of a record obtained by an investigative or law enforcement officer; and

2. That is not a disclosure made in the proper performance of the official functions of the officer making the disclosure.

The Plaintiff's Amended Complaint sets forth allegations that, if true, establish that the Defendants provided financial assistance and worked together with the Dougherty County District Attorney's Office to investigate the authors of the Phoebe Phactoids, including the Plaintiff. In that investigation, the District Attorney's Office obtained records from Alltel pursuant to a Grand Jury Subpoena. The District Attorney's Office produced those records to the Defendants. The Defendants then disclosed those records to the Defendants' investigators to return to Alltel for the purpose of obtaining additional records and information from Alltel. The Defendants' investigators were not authorized to use the Alltel records obtained pursuant to the Grand Jury Subpoena to return to Alltel to make a secondary request for additional records and information. These allegations, taken as true and construed in the light most favorable to the Plaintiff, authorize a recovery under 18 USCA § 2707(g)for the Defendants' disclosure of the Alltel records obtained by the District Attorney's Office to the Defendants' investigators to make an unauthorized and improper request for additional records and information from Alltel.[7]

**4. Taking the factual allegations in the Amended Complaint as true and construed in the light most favorable to the Plaintiff, the Defendants have not met their burden of demonstrating beyond doubt that the Plaintiff cannot prove facts which would entitle him to relief for identity fraud (Count VII).**

---

[7] The Defendants' actionable conduct stated in the Amended Complaint is closely related to the conduct that this Court recently considered in the Rehberg v. Paulk et al. case (Case No. 1:07-cv-00022) when it denied motions to dismiss filed by Defendants Burke, Hodges and Paulk in the Order filed on March 31, 2009.

Under OCGA 16-9-121[8] "A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of . . . that person, or of any other person, to his or her own use or to the use of a third party he []: (1) Obtains or records identifying information of a person which would assist in accessing the resources of that person or any other person; or (2) Accesses or attempts to access the resources of a person through the use of identifying information." The term "identifying information" is inclusive by definition and specifically includes any numbers or information which can be used to access a person's resources. OCGA 16-9-120(4)(Q). The term "resources" is also inclusive by definition and specifically includes "personal property of any kind" and "a person's personal history." OCGA 16-9-120(5)(B), (G).

As alleged in the Amended Complaint, the Plaintiff seeks recovery based on the Defendants' acquisition of information and records from the District Attorney's office and from Alltel that would assist the Defendants in their efforts to identify the Plaintiff and other individuals as authors of the Phoebe Phactoids. Having obtained such information and records, the Amended Complaint alleges that the Defendants further intended and attempted to access resources, including without limitation Plaintiff's personal property (e.g., copies of the Phoebe Phactoids from Plaintiff's computer or as transmitted using the electronic service provided by Alltel) and history of activities (e.g., the identity of individuals that Plaintiff communicated with using the electronic service provided by Alltel). At the pleading stage, it is impossible to know exactly what information or records were actually obtained by the Defendants or exactly what resources the Defendants accessed or attempted access using such information or records. Again, the Amended Complaint sets forth the factual allegations notifying the Defendants of the

---

[8] As amended Ga. L. 2002, p. 551, § 2/SB 475 and applicable before Ga. L. 2007, p. 450, § 4/SB 236.

Plaintiff's claims in Count VII sufficient for the Defendants to investigate and respond to such allegations during discovery, at trial, or during the instant litigation.

**5. Taking the factual allegations in the Amended Complaint as true and construed in the light most favorable to the Plaintiff, the Defendants have not met their burden of demonstrating beyond doubt that the Plaintiff cannot prove facts which would entitle him to relief for conspiracy to commit identity fraud (Count VIII).**

OCGA 16-9-122 authorizes the Plaintiff to recover for the Defendants attempts or conspiracies to commit identity fraud as alleged in Count VII of the amended complaint. As demonstrated above, the Amended Complaint sets forth sufficient allegations of fact to support the Plaintiff's identity fraud claims. Because the Plaintiff's underlying identity fraud claims are sufficient, the Plaintiff's conspiracy claims based on OCGA 16-9-122 are likewise sufficient to survive the Defendants' motion to dismiss.

**6. Plaintiff's identify fraud claim does not assert a claim requiring the Plaintiff to establish or plead the elements of common law fraud and, therefore, is not subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b).**

As demonstrated above, the Plaintiff's Identity Fraud claims (Counts VII-VIII) are fraud claims in name only and do not require the Plaintiff to establish or plead the elements of common law fraud. The heightened pleading requirements of Rule 9(b) are not required where fraud is not an essential element of a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003); Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001); Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.), 130 F.3d 309, 315 (8th Cir. 1997).

**7. Taking the factual allegations in the Amended Complaint as true and construed in the light most favorable to the Plaintiff, the Defendants have not met their burden of demonstrating beyond doubt that the Plaintiff cannot prove facts which would entitle him to relief for violations of the Georgia Computer Systems Protection Act. (Count IX).**

Under OCGA § 16-9-93(b), a person commits computer trespass when they use a computer or computer network with knowledge that such use is without authority and with the intention of: (1) Deleting or in any way removing, either temporarily or permanently, any computer program or data from a computer or computer network; (2) Obstructing, interrupting, or in any way interfering with the use of a computer program or data; or (3) Altering, damaging, or in any way causing the malfunction of a computer, computer network, or computer program, regardless of how long the alteration, damage, or malfunction persists. Under OCGA § 16-9-93(c), a person commits computer invasion of privacy when they use a computer or computer network with the intention of examining any employment, medical, salary, credit, or any other financial or personal data relating to any other person with knowledge that such examination is without authority. The terms "use" and "data" are specifically defined in OCGA 16-9-92. "Use" is defined, in part, as including "causing or attempting to cause a person to put false information into a computer." OCGA 16-9-92(9)(C). "Data" is defined as including "any representation of information, intelligence, or data in any fixed medium, including documentation, computer printouts, magnetic storage media, punched cards, storage in a computer, or transmission by a computer network." OCGA 16-9-92(5). Under these provisions, the Plaintiff would be authorized to recover damages caused by the Defendants knowing use of a computer or computer system with the intent to accomplish any of the unlawful ends stated in OCGA § 16-9-93, regardless of whether or not the Defendants efforts were successful. The grounds necessary for the Plaintiff to achieve such a recovery is sufficiently stated in the Amended Complaint and, therefore, the Defendants motion should be denied. (Amended Complaint ¶¶ 110-113).

In their motion, the Defendants complain that the Plaintiff has failed to sufficiently plead that he owned the computer or computer system targeted by the Defendants. The Defendants' complaint does not warrant dismissal for failure to state a claim because OCGA § 16-9-93 does not establish such a "target" element necessary to recovery for computer trespass or computer invasion of privacy. The absence of such a "target" element is important in this case because of the manner that the Defendants violated OCGA § 16-9-93. As alleged in the Amended Complaint, the Defendants, particularly the investigators in Arizona, sent numerous e-mails to an e-mail account used by the Plaintiff and Charles Rehberg. These e-mails contained suspicious attachments consistent with software which would allow a person to gain access to information from the e-mail recipient's computer, or any computer that the recipient uses to access e-mail. The essence of the Defendants' scheme was to send these e-mails to the address used by the Plaintiff and Rehberg with the hope that the recipient would access the e-mails from their computers – these could be office computers at work or personal computers at home that may or not have been linked together using an office computer network or a personal computer network. The key to the Defendants' scheme was for the recipient to access the e-mail from any computer for the attached software to "invade" the privacy of the recipient's computer to accomplish one or more of the unlawful ends stated in OCGA § 16-9-93. For example, as alleged in the Amended Complaint, the Defendants' overall goals were to identify the authors of the Phoebe Phactoids and to prevent further creation and dissemination of additional Phoebe Phactoids. To that end, evidence of the actual software attached to the e-mails delivered by or on behalf of the Defendants to the e-mail account accessed by the Plaintiff may have been designed and intended to achieve the Defendants' overall goals to identify the authors of the Phoebe Phactoids and to prevent further creation and dissemination of additional Phoebe Phactoids through the unlawful

ends stated in OCGA § 16-9-93. Thus, the allegations in Count IX of the Amended Complaint are sufficient to withstand the Defendants' motion to dismiss in order for the parties to discover evidence related to the actual origin, nature, and intent of the e-mails and software attachments allegedly delivered by the Defendants in their efforts to identify the authors of the Phoebe Phactoids, including the Plaintiff, and to prevent further creation and dissemination of additional Phoebe Phactoids by the Plaintiff.

**8. Plaintiff filed his Amended Complaint within the time provided by the Federal Rules of Civil Procedure and by the Court's Order of September 30, 2008 and, therefore, is not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).**

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or leave of Court. The Plaintiff sought leave of Court to file the Amended Complaint in the motion filed on January 9, 2008. The Court did not grant the Plaintiff's motion and authorize the Plaintiff to file the Amended Complaint until its Order of September 30, 2008. Due to the continuing nature of the Plaintiff's investigation into the facts in this case during the period of time between the request for leave to file the Amended Complaint and the Court's Order granting same, the Plaintiff undertook to carefully review the claims contained in its proposed Amended Complaint to ensure that they were as proper when filed as they were when the Plaintiff attached to the Amended Complaint to its January 2008 motion. That process culminated with the filing of the Amended Complaint on January 27, 2009. For these reasons, and perhaps others, the Plaintiff disagrees with the Defendants contention that there has been any "delay" in the filing of the Amended Complaint in violation of the Court's September 30 Order sufficient to warrant dismissal of the Amended Complaint as requested by the Defendants.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that Defendants' Motion to Dismiss be denied.

This 16th day of April, 2009.

McCALL WILLIAMS WILMOT & POWELL, LLC

s/ Alex J. Kaplan

Alex J. Kaplan
State Bar Number 406776
Attorney for Plaintiff
Post Office Box 71747
Albany, Georgia 31708-1747
(229) 888-2600