IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN BAGNATO, | : | |
| Plaintiff, | : | |
| v. | : | 1:07-CV-30 (WLS) |
| PHOEBE PUTNEY HEALTH SYSTEM, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court are Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 238) and Plaintiff's Motion for Oral Hearing and Argument (Doc. 264). For the reasons discussed more fully below, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 238) is **GRANTED**-in-part and **DENIED**-in-part, and Plaintiff's Motion for Oral Hearing and Argument (Doc. 264) is **DENIED**.

## BACKGROUND

Following this Court's granting of leave to file an amended complaint (*see* Doc. 209), Plaintiff filed a 14-count Amended Complaint (Doc. 235). Defendants thereafter moved to dismiss Counts IV, VII, VIII and IX of the Amended Complaint in their Motion to Dismiss (Doc. 238). Plaintiff has moved for an oral hearing and argument regarding Defendant's Motion to Dismiss. (*See* Doc. 264).

## FACTUAL SUMMARY

Charles Rehberg and Plaintiff, Dr. John Bagnato, sent out a series of anonymous faxes in 2003 and 2004 that contained information criticizing Phoebe Putney Hospital and certain board

1

members. Phoebe Putney Health System is the holding company that controls Phoebe Putney Hospital.

At some point during 2003 and 2004, someone began faxing flyers to the local community that were highly critical of Phoebe Putney and others involved with the hospital. The flyers were called "Phoebe Phactoids." These faxes and the attempts by Phoebe to discover the identity of the author(s) and to stop the faxes is the catalyst to this and other civil and criminal proceedings instigated in this Court and the state courts during the last few years.

After the faxes began to appear, Phoebe Putney asked Ken Hodges, the Dougherty County District Attorney to investigate who was sending the faxes. Hodges turned the investigation over to James Paulk, the chief investigator for the District Attorney's office. Paulk had the Albany Police Department prepare a police report on October 22, 2003, for the purpose of getting the information into the GCIC (Georgia Crime Information Computer) computer. The case was then returned to Paulk for him to handle out of the District Attorney's Office.

Paulk did nothing with the case for a period of time until two private investigators, Larry McCormick and Chenoweth appeared at Paulk's office. The two claimed that they were former FBI agents and had been hired by Phoebe's general counsel, Rick Langley, to investigate the matter. The investigators informed Paulk that they could provide Paulk with the fax numbers where the faxes were received. By providing the numbers where the faxes were received, the investigators told Paulk he could subpoena the phone records to determine the source of the faxes. Paulk subpoenaed the records using grand jury subpoenas and Phoebe's general counsel paid several thousand dollars to the holders of the records for their costs. Paulk gave the investigators copies of the records. The phone records revealed that the faxes were coming from the Albany Surgical Center where Rehberg and Bagnato worked.

Paulk told the investigators that they were not to interview anyone without Paulk being present as this was a joint investigation. Even so, an announcement was made at the August 9, 2004, hospital Board meeting that McCormick and Chenoweth would confront Bagnato and Rehberg about the faxes later that day. An alleged altercation took place between the investigators and Rehberg on August 9, 2004, which led to the filing of a police report. Also, an incident allegedly took place between James Hotz, a physician and Board member of Defendant Hospital, and Rehberg and Bagnato's investigator around that time.

Following the alleged altercation, Rehberg and Bagnato admitted that they were the ones sending the faxes. On August 18, 2004, Phoebe Putney filed suit against Rehberg, Bagnato and others.

The Dougherty County District Attorney, Kenneth Hodges, recused himself from proceeding further with the case and Kelly Burke, the District Attorney for the Houston Judicial Circuit, was appointed to proceed as prosecutor in the case. Burke made the decision to prosecute the case without consulting with Defendant Hotz. Burke, however, based his decision to proceed on the testimony of Paulk who used McCormick's interview with Hotz as the basis of Paulk's testimony.

On December 14, 2005, the Dougherty County Grand Jury returned an indictment charging James Bowman with aggravated assault and burglary for his alleged conduct during the alleged incident at James Hotz's home on August 22, 2004. The indictment also charged Rehberg and Bagnato with six counts of threatening phone calls.

Eventually the criminal charges against Rehberg and Bagnato were dismissed. The lawsuit filed by Phoebe Putney against Rehberg and others was resolved in favor of Rehberg. Phoebe Putney agreed to pay an undisclosed sum to Rehberg on his counterclaim against Phoebe

3

Putney. Rehberg's and Bagnato's investigator initiated a lawsuit against Hotz, which settled in December 2008. Bowman v. Hotz, 1:06-CV-99.

This case is another civil suit arising from the dispute between Phoeby Putney and Rehberg and Bagnato. The instant suit was initiated on February 5, 2007, when Bagnato initiated suit against Defendants alleging a myriad of claims, to include violation of his civil rights under 42 U.S.C. § 1983. The facts surrounding the allegations involve numerous local lawyers, physicians and medical practices.

## DISCUSSION

### I. Standard of Review

Defendants rely on Federal Rule of Civil Procedure 12, which provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6). A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6) should not be granted unless Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

The recent Supreme Court decision of Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), reaffirmed the pleading standards enunciated by the Court in Twombly. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly at

4

555). And while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions" and thus "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly at 555). However, "legal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Id.* at 1950. Furthermore, in evaluating the sufficiency of a plaintiff's pleadings, courts must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw plaintiff's inference.'" Sinaltrainal v. Coca-Cola Co., --- F.3d ----, 2009 WL 2431463 (11th Cir. Aug. 11, 2009) (quoting Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low[, but not nonexistent]." *See* Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

**II.    Defendant's Motion to Dismiss (Doc. 238)**

Defendants' Motion to Dismiss (Doc. 238) requests that the Court dismiss with prejudice Counts IV, VII, VIII, and IX of Plaintiff's Amended Complaint (Doc. 235). The Court will address each Count in turn.

 **A.    Count IV**

Count IV of the Amended Complaint is styled "UNLAWFUL ACCESS TO & DISCLOSURE OF COMMUNICATIONS IN VIOLATION OF 18 U.S.C. § 2701 ET. SEQ." (Doc. 235 at 25). Title 18, Section 2701 of the United States Code is known as the Stored Communications Act (hereafter, "SCA"). Snow v. DirecTV, Inc., 450 F.3d 1314, 1315 (11th Cir. 2006). A valid civil complaint under the SCA must allege "that the electronic

communication [was] not … readily accessible by the general public"[1] in addition to alleging a violation of one of the SCA's provisions. *Id.* at 1321. Plaintiff's allegations claim that Defendants violated two SCA provisions: 18 U.S.C. § 2701(a) and 18 U.S.C. § 2707(g). (Doc. 235 at ¶¶ 86-91).

The first allegedly violated SCA provision, § 2701(a), states, "[Whoever] (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains … a wire or electronic communication while it is in electronic storage [violates the SCA]." Snow, 450 F.3d at 1321 (quoting 18 U.S.C. § 2701(a)).

The second allegedly violated SCA provision, § 2707(g), states:

> Any willful disclosure of a 'record', as that term is defined in [5 U.S.C. § 552a(a)], obtained by an investigative or law enforcement officer, or a governmental entity, pursuant to [18 U.S.C. § 2703],[2] or from a device installed pursuant to [18 U.S.C. §§ 3123 or 3125], that is not a disclosure made in the proper performance of the official functions of the officer or governmental entity making the disclosure, is a violation of this chapter. This provision shall not apply to information previously lawfully disclosed (prior to the commencement of any civil or administrative proceeding under this chapter) to the public by a Federal, State, or local governmental entity or by the plaintiff in a civil action under this chapter.

18 U.S.C. § 2707(g). Subsection (a) of § 2707 states that a civil cause of action is available when it can be shown that "the conduct constituting the violation [wa]s engaged in with a knowing or intentional state of mind." 18 U.S.C. § 2707(a).

In their Brief in Support of their Motion to Dismiss (Doc. 238-2), Defendants argue that Plaintiff failed to provide any factual basis for a claim under the SCA. Further, Defendants argue that Plaintiff's allegations regarding the SCA violations do not meet the pleading standards

---

[1] The Eleventh Circuit stated that this element "is material and essential to recovery under the SCA." Snow, 450 F.3d at 1321.
[2] This code section, 18 U.S.C. § 2703, deals with required disclosure of wire or electronic communications.

6

described by the Supreme Court in Iqubal and Twombly, because Plaintiff did not provide sufficient factual allegations. Regarding the pleading standard, Plaintiff counters that the Eleventh Circuit in United Technologies Corp. v. Mazer expressly allowed Plaintiff's form of pleading in the Circuit's statement: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Doc. 263 at 7) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269-70 (11th Cir. 2009)).

Taking the factual allegations in the Complaint as true, the Court finds that while Plaintiff's Complaint certainly identified the terms and labels used in the relevant sections of the SCA, Plaintiff failed to plead facts – as opposed to legal conclusions – showing this Court that Plaintiff is entitled to relief for a violation of 18 U.S.C. § 2701(a). Plaintiff, however, did plead sufficient facts to state a claim under 18 U.S.C. § 2707(g).

The following is the exact text of Plaintiff's pleaded facts and charges regarding Count IV:

STATEMENT OF FACTS

* * *

30.
At the request of Defendants, based in whole or in part upon the false and fraudulent information provided to the Dougherty County District Attorney's Office by Defendants, Hodges and/or his agents, over an approximate six month period, sent grand jury subpoenas to BellSouth, America OnLine, Sprint, Alltel, Exact Advertising and possibly other individuals and/or entities (hereinafter "Grand Jury Subpoenas").

31.
The Dougherty County District Attorney's Office received records responsive to the Grand Jury Subpoenas.

32.

The Dougherty County District Attorney's Office provided the information it received in response to the Grand Jury Subpoenas to Defendants or some of them.

33.

One or more of the Defendants financed the costs associated with the Dougherty County District Attorney's Office investigation, including but not limited to the information and/or materials received in response to the Grand Jury Subpoenas.

34.

Defendants exerted their influence over the Dougherty County District Attorney's Office and Hodges to obtain the information and/or materials received in response to the Grand Jury Subpoenas.

\* \* \*

47.

Following their receipt of the information and materials obtained by the Dougherty County District Attorneys Office, in response to the Grand Jury subpoenas, Defendants disclosed the records provided by the Dougherty County District Attorney's Office to others and/or used said records to identify electronic communications transmitted and/or received from March 21 to March 22, 2004, by Plaintiff's telephone number "(229) 343-8116."

\* \* \*

COUNT IV

\* \* \*

83.

At all relevant times, Alltel provided Plaintiff with an "electronic communication service," as that term is defined in 18 U.S.C. § 2510, for telephone number (229) 343-8116.

84.

From March 21 to March 22, 2004, Plaintiff used his Alltel "electronic communication service" to make "wire communications" and/or "electronic communications" as those terms are defined in 18 U.S.C. § 2510.

85.

At all relevant times, Plaintiff's "wire communications" and/or "electronic communications" from March 21 to March 22, 2004 were in Alltel's "electronic storage," as that term is defined in 18 U.S.C. § 2510.

86.

In violation of 18 U.S.C. § 2701(a), some or all Defendants intentionally accessed without authorization a facility through which an "electronic communication service" is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage."

87.

In violation of 18 U.S.C. § 2701(a), some or all Defendants intentionally exceeded authority to access a facility through which an "electronic communication" service is provided and thereby obtained access to Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" while they were in "electronic storage."

88.

In violation of 18 U.S.C. § 2707(g), some or all Defendants willfully disclosed records of Plaintiff's March 21 to March 22, 2004 "wire communications" and/or "electronic communications" obtained by the Dougherty County District Attorney's Office pursuant to the Grand Jury Subpoenas.

89.

Plaintiff did not discover nor did Plaintiff have any reason to discover the Defendants' violations of 18 U.S.C. § 2701 et.seq. until on or about February 16, 2006.

90.

Plaintiff qualifies as an "aggrieved person" within the meaning of 18 U.S.C. § 2707(a).

91.

As a direct and proximate consequence of Defendants' violations of 18 U.S.C. § 2701 et.seq., Plaintiff has been damaged and is entitled to an award of civil damages authorized under 18 U.S.C. § 2707 including, but not limited to, actual damages, profits made by the Defendants as a result of their violation, punitive damages, and reasonable attorney's fees and other litigation costs reasonably incurred.

(Doc. 235 at ¶¶ 30-34, 47, 83-91).

These facts, if true, state a claim under § 2707(g) for willful disclosure of wire or electronic records procured in a government investigation. The Court will assume that the first element described in Snow, a communication not available to the general public, was met here due to the private nature of a telephone. The facts, however, do not state a claim under §

9

2701(a). Excluding labels and recitations of a cause of action, the Court gathers the following facts in relation to § 2701(a) from the excerpt above: Plaintiff had telephone service with Alltel on March 21 and 22, 2004, and the Dougherty County District Attorney's Office, pursuant to Grand Jury Subpoenas, obtained records of that telephone service, which were then passed to Defendants. Even when stretching every inference from these facts as far as they can go, the Court does not find that Plaintiff stated a claim for which relief can be granted under 18 U.S.C. § 2701(a). These facts do not show that anyone obtained Plaintiff's electronic communications while they were in electronic storage with Alltel by intentionally accessing without authorization or intentionally exceeding an authorization to access Alltel's facility. 18 U.S.C. § 2701(a). Plaintiff will not survive a motion to dismiss by merely reciting the elements of a cause of action, because "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqubal, 129 S. Ct. at 1949-50. Therefore, Defendant's Motion to Dismiss (Doc. 238) is **GRANTED** as to the § 2701(a) claim in Count IV, and **DENIED** as to the § 2702(g) claim in Count IV.

   **B.   Count VII**

Count VII of the Amended Complaint alleges identity fraud in violation of O.C.G.A. § 16-9-121. (Doc. 235 at ¶¶ 100-04). The Federal Rules of Civil Procedure impose heightened pleading standards when a Plaintiff alleges fraud. Fed. R. Civ. P. 9(b). "In alleging fraud …, a party must state with particularity the circumstances constituting fraud …. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

Defendants argue that Plaintiff has not met the heightened pleading standard of Rule 9(b) for Plaintiff's claim of identity fraud. The Court agrees. Plaintiff's bald argument that a claim

10

of identity fraud does not contain fraud as an essential element, and thus is not subject to Rule 9(b), is unpersuasive.

Aside from a rote recitation of the elements of O.C.G.A. § 16-9-121, the Complaint provides no facts – let alone facts sufficient to satisfy Plaintiff's Rule 9(b) heightened pleading standard – indicating that Defendants "willfully and fraudulently … [w]ithout authorization or consent, use[d] or possesse[d] with intent to fraudulently use, identifying information concerning" Plaintiff. O.C.G.A. § 16-9-121.[3] The Complaint does not inform the Court what identifying information allegedly was used or possessed, nor how such identifying information was used fraudulently. Plaintiff makes conclusory statements that "Fraudulent E-Mails were sent" to Plaintiff (Doc. 235 at ¶ 41), and that another email sent at a different time was used to determine Plaintiff's identity (Doc. 235 at ¶¶ 45-46), but nowhere does the Complaint allege that Plaintiff's identifying information was fraudulently used. A simple reading of O.C.G.A. § 16-9-121 discloses that any identifying information concerning Plaintiff must be willfully and fraudulently used or be possessed with intent to be used fraudulently. Rule 9(b) clearly applies.

Therefore, Defendant's Motion to Dismiss (Doc. 238) is **GRANTED** as to Count VII of the Amended Complaint.

### C.    Count VIII

Count VIII of the Amended Complaint alleges conspiracy to commit identity fraud in violation of O.C.G.A. § 16-9-122. (Doc. 235 at ¶¶ 105-107). "To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy." Miller v. Lomax, 596 S.E.2d 232, 242 (Ga. App. 2004). "The essential element of

---

[3]    The Court notes that, under O.C.G.A. § 16-9-130, a civil cause of action is provided to a consumer victim of a violation of O.C.G.A. § 16-9-121.

11

the charge is the common design … [and] [i]t is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design." Blackstone Inds., Inc. v. Andre, 208 S.E.2d 815, 816 (Ga. 1974). Aside from failing to state a claim for the underlying tort of identity fraud, *see supra* discussion dismissing Count VII, Plaintiff's Complaint fails to plead sufficient facts from which to find a conspiratorial agreement. In fact, Plaintiff's Count VIII asserts that Defendants, while "*acting alone* or in concert," conspired to defraud Plaintiff. (Doc. 235 at ¶ 106 (emphasis added)). A conspiracy cannot arise from the acts of a single person. Beyond this confusing assertion, Plaintiff's Complaint does not plead facts indicating the requisite "common design" or "mutual understanding" for a conspiracy. Therefore, Defendant's Motion to Dismiss (Doc. 238) is **GRANTED** as to Count VIII of the Amended Complaint.

### D.  Count IX

Count IX of the Amended Complaint alleges violations of the Georgia Computer Systems Protection Act. (Doc. 235 at ¶¶ 108-14). This act, located at O.C.G.A. § 16-9-90 *et seq.*, deals with computer theft, computer invasion of privacy, and computer forgery, and additionally provides a civil cause of action. O.C.G.A. § 16-9-93. The provision for civil relief is available to "[a]ny person whose property or person is injured by reason of a violation of any provision of this article." O.C.G.A. § 16-9-93(g)(1).

The Complaint alleges that, between August 17, 2004 and September 9, 2004, fifteen emails were sent to Rehberg's email address, rehbergc@aol.com, containing "suspicious attachment[s] … consistent with software which would allow a person to gain access to information from the e-mail recipient's computer." (Doc. 235 at ¶ 40). Then, on September 9, 2004, Rehberg's lawyer told Langley to make the emails cease, and they did. (Doc. 235 at ¶ 42).

This appears to be the extent of the facts provided in the Complaint that can make out a claim under the Georgia Computer Systems Protection Act.

By these facts, it is clear that neither Plaintiff's person nor property were injured by the use of a computer in such a way as to be liable under O.C.G.A. § 16-9-93. Under the facts of the Complaint, it is Rehberg, not Plaintiff, who *might* be able to state such a claim – and the Court stresses the word *might*. Furthermore, no injury is stated in the Complaint: the email was apparently not opened, the software was apparently not unleashed, and information on the computer – owned by Albany Surgical P.C. and not by Plaintiff (Doc. 235 at ¶ 39 – was not accessed. Because Plaintiff failed to state a claim under which relief can be granted under O.C.G.A. § 16-9-93(g), dismissal of this count is appropriate.

Therefore, Defendant's Motion to Dismiss (Doc. 238) is **GRANTED** as to Count IX of the Amended Complaint.

### E.     Timeliness

Defendants argue that dismissal of the entire Amended Complaint is appropriate due to the untimeliness of its filing. The Court refuses to dismiss on these grounds. While the Court's Order of September 30, 2008 granting Plaintiff leave to amend his complaint did order that the amended complaint "shall be filed without delay" (Doc. 209), and the filing did not occur until almost four months later, Defendants do not allege any prejudice against them for the delay. They in fact should not, because Plaintiff had attached a copy of his proposed amended order to his Motion for Leave to File Amended Complaint (Doc. 162 at Ex. 1). The Court's failure to sanction Plaintiff for delaying his filing notwithstanding the Court's order to do so "without delay," however, should not be taken as a lack of unwillingness of the Court to sanction in the future for failure to comply with the Court's orders in word and spirit.

### III.     Plaintiff's Motion for Oral Hearing and Argument (Doc. 264)

Plaintiff has moved for an oral hearing regarding Defendant's Motion to Dismiss. Local Rule 7.5 provides that "[a]ll motions shall be decided by the court without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request [by written motion] of counsel." M.D. Ga. L. R. 7.5. Because the Court has exercised its discretion to make its rulings on the motion without a hearing, Plaintiff's Motion for Oral Hearing and Argument (Doc. 264) is **DENIED**.

### CONCLUSION

For the reasons articulated above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 238) is **GRANTED** as to the § 2701(a) claim in Count IV, and as to Counts VII, VIII and IX, and is **DENIED** as to the § 2702(g) claim in Count IV.  Furthermore, Plaintiff's Motion for Oral Hearing and Argument (Doc. 264) is **DENIED**.

**SO ORDERED**, this  30th  day of September, 2009.

  /s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**